Argued and submitted January 5, decision of Court of Appeals affirmed as to plaintiff's claims on her own behalf and reversed as to plaintiff's claims as guardian *ad litem* for the child; judgment of circuit court affirmed March 4, 1993

Christina Marie PEREZ,
a minor child,
by and through
her guardian ad litem Julie Yon,
and Julie Yon, individually,
*Respondents on Review,*

*v.*

BAY AREA HOSPITAL,
*Petitioner on Review,*

*and*

Pat Perry STADDEN;
Children's Services Division,
Department of Human Resources, State of Oregon;
and Alan Nickerson,
*Respondents,*

*and*

DOES 1-20,
*Defendants.*

(CC 89 CV 0685; CA A66877; SC S39242)

846 P2d 405

Robert E. Bluth, of Frohnmayer, Deatherage, Pratt, Jamieson & Turner, P.C., argued the cause for petitioner on review. With him on the petition was W. V. Deatherage.

No appearance *contra*.

John T. Bagg, Assistant Attorney General, Salem, filed a brief on behalf of *amicus curiae* State of Oregon. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

GRABER, J.

## GRABER, J.

This case raises the question whether the notice period prescribed by ORS 30.275[1] in regard to a claim by a minor child against a public body is tolled pending the appointment of a guardian *ad litem* of the child. We answer that question "no."

The facts material to our decision are not disputed. On January 27, 1988, plaintiff took her seven-year-old daughter to the emergency room of defendant Bay Area Hospital in Coos Bay for diagnosis and treatment of vaginal symptoms. Bay Area Hospital (the hospital) is a public body.[2] The doctor on duty diagnosed an infection, prescribed antibiotics, and took a vaginal culture. On January 29, 1988, a Children's Services Division (CSD) worker received a telephone call from a person who identified herself as a nurse in the emergency room at the hospital, reporting that the child had tested positive for gonorrhea.

Accompanied by a Coos Bay police officer, the CSD worker went to the child's school, had the child summoned to an office there, and attempted to interview the child about who, if anyone, had had sexual contact with her. The child was not cooperative in that interview; no information was gained.

The CSD worker then went to plaintiff's home and informed her that her daughter had gonorrhea. When the child returned from school, plaintiff questioned her. At that time, the child denied any sexual contacts. Plaintiff took the child to a private physician, who called the hospital and

---

[1] ORS 30.275 provides in part:

"(1) No action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be maintained unless notice of claim is given as required in this section.

"(2) Notice of claim shall be given within the following applicable period of time, not including the period, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority, incompetency or other incapacity:

"(a) For wrongful death, within one year after the alleged loss or injury.

"(b) For all other claims, within 180 days after the alleged loss or injury."

[2] *See* ORS chapter 440 (providing for health districts).

determined that the child had not tested positive for gonor-rhea. CSD was notified of that fact, and its investigation was terminated. All of the foregoing events occurred in late January and February 1988.

On July 13, 1989, plaintiff was appointed guardian *ad litem* of the child. On the same date, she filed a complaint on behalf of herself and the child against the hospital, the doctor who examined the child,[3] CSD, and the CSD worker who investigated the report, alleging negligence, intentional infliction of emotional distress, and defamation. The service of the complaint constituted plaintiff's only notice of a tort claim against the hospital. *See* ORS 30.275(3)(c) (notice of claim is satisfied by commencement of an action).[4]

The trial court granted summary judgment to CSD and the CSD worker on the ground that the disclosures by CSD personnel were authorized by law. The court granted summary judgment to the hospital and the doctor on the ground that plaintiff had not complied timely with the notice provisions of ORS 30.275(2).

■ Plaintiff appealed. The Court of Appeals affirmed the summary judgment as to plaintiff's claims on her own behalf, on the ground that those claims accrued when plaintiff first learned of the false report and that she therefore did not satisfy the applicable 180-day notice requirement of ORS 30.275(2). The Court of Appeals reversed as to the child's claims, however, holding that the 270-day notice period applicable to those claims did not begin to run until plaintiff was appointed as the child's guardian *ad litem*. *Perez v. Bay Area Hospital*, 112 Or App 288, 829 P2d 700 (1992).[5] The hospital

---

[3] Plaintiff voluntarily dismissed all claims against that doctor but later added another doctor as a defendant. Later references in this opinion to defendant doctor are to the latter doctor.

[4] The sufficiency of the content and delivery of the notice is not in dispute. *See* ORS 30.275(4), (5) (establishing requirements for content and delivery of tort claims notice).

[5] In ruling that the time period for giving notice was tolled until the appointment of the child's guardian *ad litem*, the Court of Appeals relied on its previous decision in *Banda v. Danner*, 87 Or App 69, 741 P2d 514 (1987), *aff'd by an equally divided court* 307 Or 302, 766 P2d 385 (1988). We note that, in this court, as in the Supreme Court of the United States, an affirmance by an equally divided court is not entitled to precedential weight. *See Trans World Airlines, Inc. v. Hardison*, 432 US

petitioned this court for review. We allowed that petition to answer the question of statutory interpretation presented.[6]

We note at the outset that this case does not involve an application of the "discovery rule," which this court discussed most recently in *Stephens v. Bohlman*, 314 Or 344, 838 P2d 600 (1992). Here, the alleged loss or injury, its alleged cause, and the identity of the alleged tortfeasor were known within a matter of days. The sole question that we consider here is whether the 270-day notice period prescribed by ORS 30.275(2) in regard to a claim by a minor against a public body is tolled until the appointment of a guardian *ad litem* of the minor.

In interpreting a statute, our task is to ascertain the intent of the legislature. ORS 174.020; *State ex rel Juv. Dept. v. Ashley*, 312 Or 169, 174, 818 P2d 1270 (1991). We begin with the text and context of the statute. ORS 174.010; *Sanders v. Oregon Pacific States Ins. Co.*, 314 Or 521, 527, 840 P2d 87 (1992).

ORS 30.275(2) addresses expressly the time period in which a minor must give notice of a claim against a public body: "Notice of claim shall be given within the following applicable period of time, not including the period, not exceeding 90 days, during which the person injured is unable to give the notice * * * because of minority * * *: * * * [Notice of claim shall be given] within 180 days after the alleged loss or injury." Read literally, ORS 30.275(2) gives a minor up to a maximum of 270 days after the alleged loss or injury within which to give the notice. The statute is silent on the role, if any, to be played by the appointment of a guardian *ad litem* in the calculation of the time for giving notice. That silence may be construed in at least three plausible ways: (1) the legislature intended that the appointment of a guardian *ad litem* have no effect on the giving of notice;[7] (2) the legislature did

---

63, 73 n 8, 97 S Ct 2264, 53 L Ed 2d 113 (1977), *citing Neil v. Biggers*, 409 US 188, 192, 93 S Ct 375, 34 L Ed 2d 401 (1972) (stating that principle).

[6] Plaintiff did not seek review of the Court of Appeals' holdings that her claims on her own behalf were time-barred and that the defendant doctor was an agent of the hospital.

[7] ORS 174.010 provides in part:

not consider the question; or (3) because a minor can file an action in court only through a guardian *ad litem*, the legislature implicitly intended that the notice period run from the date of appointment of a guardian.

We cannot be certain which construction of ORS 30.275(2) is correct, and other provisions of the Oregon Tort Claims Act (OTCA) do not inform us. Because the text and the context of the statute do not make the legislature's intention clear, we turn to the legislative history to aid us. *Bartz v. State of Oregon*, 314 Or 353, 357, 839 P2d 217 (1992).

Before the enactment of the OTCA, ORS 30.260 to 30.300, in 1967, the state and its public bodies enjoyed sovereign immunity. Or Const Art IV, § 24; *Hale v. Port of Portland*, 308 Or 508, 512-17, 783 P2d 506 (1989); Henke, *Oregon's Governmental Tort Liability Law From A National Perspective*, 48 Or L Rev 95 (1968); Lansing, *The King Can Do Wrong! The Oregon Tort Claims Act*, 47 Or L Rev 357 (1968). In 1967, the legislature enacted House Bill 1624, partially waiving the tort immunity of public bodies and providing procedures for prosecuting tort claims against those bodies. Or Laws 1967, ch 627.

The bill was drafted by a committee of the Oregon State Bar; it was modeled after the federal and Minnesota tort claims statutes. Minutes, House Committee on the Judiciary, May 10, 1967, p 5; Minutes, Senate Committee on Justice, February 10, 1981, Exhibit F; *see also* Lansing, *supra*, 47 Or L Rev at 359 (describing legislative history of the OTCA). In the 1967 version of the statute, the time limit for giving notice of intent to file a claim was 45 days. ORS 30.275(1) (1967). As originally drafted and as enacted, the 45-day notice provision included the following exception:

> "The time for giving such notice does not include the time, not exceeding 90 days, during which the person injured is incapacitated by the injury from giving notice."

Or Laws 1967, ch 627, § 5; ORS 30.275(3) (1967); *see also* Minutes, House Committee on State and Federal Affairs,

---

"In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted * * *."

March 13, 1967, Exhibit A (showing earliest available draft of bill that contains that language). The notice provision made no mention of an extension of time for minors.

In 1969, the statute was amended in several respects. Or Laws 1969, ch 429. In particular, as relevant here, the time period for giving notice of a claim was extended to 180 days. Or Laws 1969, ch 429, § 3(1).[8] In addition, the 90-day extension for filing notice of a claim provided for persons incapacitated by their injuries was expanded to include "minors and incompetents." Or Laws 1969, ch 429, § 3(3). Written comments distributed in a meeting of the House Committee on the Judiciary explained:

> "The [90-day extension provided in ORS 30.275(2)] has been applied to minors and incompetents in order to assure settlement of multiple claims within a reasonable time. The courts of many states have held notice requirements to be tolled during periods of minority or incompetency."

Minutes, House Committee on the Judiciary, April 28, 1969, p 2 and accompanying exhibit. No other relevant discussion of the amendment occurred during legislative committee meetings or during the floor debate before passage of the bill in the House.[9]

ORS 30.275, the notice provision of the OTCA, was amended in respects not relevant here in 1975, 1977, and 1979. In 1981, due to concern that the notice requirements of the OTCA were too complicated and formalistic and had caused unwary claimants to be deprived of their claims, *see, e.g.*, Minutes, Senate Committee on Justice, January 20, 1981, pp 5-28 and accompanying exhibits, ORS 30.275 was revised extensively to its present form.

In a meeting of the House Committee on the Judiciary, a committee member asked the meaning of the phrase "not exceeding 90 days" in the first sentence of ORS 30.275(2). Another committee member explained that, in the context of the one-year time limitation on giving notice under

---

[8] According to a witness appearing before the Senate Committee on the Judiciary, the purpose of that amendment was to bring the time limitation into line with those in other states. Minutes, Senate Committee on the Judiciary, May 14, 1969, p 4.

[9] Senate floor debates were not tape recorded until 1973.

ORS 30.275(2)(a) (wrongful death) and the 180-day time limitation on giving notice under ORS 30.275(2)(b) (all other claims), the phrase "not exceeding 90 days" pertained to additional time granted to persons who are unable to give notice for the reasons described therein. The committee member continued:

> "But there's a maximum, there's a limit to that period, that you can only plead that you were unable to give notice because of injury or minority for 90 days."

Tape Recording, House Committee on the Judiciary, June 15, 1981, Tape 473, Side A. No other relevant discussion of the 90-day extension occurred in the legislative committees or during the floor debates on the measure.

The foregoing legislative history, while not very enlightening, suggests that the legislature most likely intended that the time period for giving notice of a tort claim against a public body not be tolled pending the appointment of a guardian *ad litem* of a minor. An interpretation that excludes such tolling accords with the purposes of the notice provision of the OTCA. *See Bartz v. State of Oregon, supra,* 314 Or at 358 (in addition to considering the wording and the legislative history of a statute, court considered its purpose); *McKean-Coffman v. Employment Div.*, 312 Or 543, 550, 824 P2d 410 (1992) (same). Those purposes include allowing the public body to investigate the claim while the evidence is still fresh and allowing the public body speedily to correct the defect, if any, out of which the claim allegedly arose. Minutes, Senate Committee on Justice, February 10, 1981; Tape Recording, House Floor Debate, June 26, 1981, Tape 23, Track II. *See also Urban Renewal Agency v. Lackey*, 275 Or 35, 549 P2d 657 (1976) (purpose of notice provision of OTCA is to allow the public body to investigate the claim).

Moreover, a contrary interpretation (tolling the time for giving notice under the OTCA until the appointment of a guardian *ad litem*) would render meaningless the express 90-day extension of time for minority. ORS 30.275 adds to the usual notice period a "period, not exceeding 90 days, during which the person injured is unable to give the notice * * * because of minority." The apparent purpose of allowing that extra time is to recognize a minor's legal disability and permit the appointment of a guardian *ad litem*. If, instead, the notice

period were tolled indefinitely until the appointment of a guardian *ad litem*, which could occur months or years after the alleged loss or injury, then the 90-day exception for minors would have no effect.

Consistent with the foregoing reading of the statute, we hold that the child's claims did not comply with the notice provision, ORS 30.275, of the OTCA, because no notice was given within 270 days after the alleged loss or injury. Therefore, the trial court did not err in granting summary judgment against the child.

The decision of the Court of Appeals is affirmed as to plaintiff's claims on her own behalf and reversed as to plaintiff's claims as guardian *ad litem* for the child. The judgment of the circuit court is affirmed.