Argued and submitted June 24, affirmed September 18, petition for review denied
November 26, 1996 (324 Or 394)

# Emma COOKSEY,
## by and through her Guardian Ad Litem, Harold Cooksey,
### *Appellant,*

*v.*

## PORTLAND PUBLIC SCHOOL
## DISTRICT NO. 1,
### *Respondent.*

### (9501-00186; CA A91297)

923 P2d 1328

J. Randolph Pickett argued the cause and filed the briefs for appellant.

William H. Walters argued the cause for respondent. With him on the brief were Jeffrey D. Austin and Miller Nash Wiener Hager & Carlsen.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

Leeson, J., concurring.

**LANDAU, J.**

The principal issue in this case is whether the statute of limitations for actions against public officials or bodies for injuries to a minor child is tolled until the appointment of a guardian *ad litem*. The trial court held that the statute contains no tolling provision and, on that basis, entered summary judgment for defendant on plaintiff's claims for battery and negligence arising out of alleged inappropriate sexual contact that occurred more than two years before the filing of the complaint. Plaintiff contends that in prior decisions we have read such a tolling provision into the statute and that we should not now depart from that case law. In the alternative, plaintiff asserts that her claim did not accrue until less than two years before the filing of the complaint, when she first began exhibiting adverse symptoms resulting from the inappropriate contact. We conclude that the trial court correctly read the statute of limitations, that there is no tolling provision applicable to this case and that plaintiff's claims accrued at the time of the inappropriate sexual contact, more than two years before the complaint was filed. Accordingly, we affirm.

We review the trial court's entry of summary judgment in favor of defendant to determine whether there is an absence of genuine issues of material fact and whether defendant is entitled to judgment as a matter of law. ORCP 47. The material facts are not disputed for the purposes of our review; the sole question before us is one of law.

In the school year beginning September 1992, plaintiff was an eighth grade student at a Portland middle school. In November and December 1992, plaintiff's homeroom teacher allegedly touched plaintiff inappropriately and made sexual advances toward her. Plaintiff did not tell her parents or any authorities at school about the incidents. Three months later, plaintiff began to experience severe depression and reported the incidents. She was hospitalized on March 15, 1993.

On January 11, 1995, plaintiff filed a complaint by and through her father, who had been appointed guardian *ad litem* that same day. She alleged two claims, for battery and

for negligence, against defendant. Defendant answered, alleging as an affirmative defense that plaintiff failed to bring the action within the two-year period required by ORS 30.275(8), which provides:

"Except as provided in ORS 12.120[1] and 12.135,[2] but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action, an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of [the tort claims act] shall be commenced within two years after the alleged loss or injury."

Defendant moved for summary judgment on its statute of limitations defense. The trial court granted the motion and entered judgment dismissing both of plaintiff's claims.

On appeal, plaintiff argues that the two-year limitation contained in ORS 30.275(8) is tolled in the case of claims brought by minors until the appointment of a guardian *ad litem*. Plaintiff points to no language in the statute itself in support of her argument. Her sole contention is that we once inferred such tolling in *Banda v. Danner*, 87 Or App 69, 741 P2d 514 (1987), *aff'd by an equally divided court* 307 Or 302, 766 P2d 385 (1988), and we should not abandon that decision now. Defendant asserts that the language of ORS 30.275(8) is clear and does not provide for the tolling of claims brought by minors. It further argues that plaintiff misreads our decision in *Banda*. According to defendant, in that case we did not even address the question of whether the statute is tolled for minor plaintiffs.

■■   Resolution of the parties' arguments requires us to determine the intended meaning of ORS 30.275(8), which we ascertain by examining the text in context and, if necessary,

---

[1] ORS 12.120 provides:

"(1) An action against a sheriff or other officer for the escape of a prisoner arrested or imprisoned on civil process; or

"(2) An action for libel or slander

"shall be commenced within one year."

[2] ORS 12.135 establishes a limitation period for actions for damages from construction, alteration or repair of improvements to real property.

the legislative history and maxims of statutory construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). Also relevant are any prior judicial decisions construing the statutory language at issue. *State v. Sullens*, 314 Or 436, 443, 839 P2d 708 (1992). At all events, we are constrained by statute and constitutional principles to give meaning to the language as enacted, not to insert language that was omitted or to omit language that was included by the legislature. ORS 174.010; *Fernandez v. Board of Parole*, 137 Or App 247, 252, 904 P2d 1071 (1995).

■ In this case, examination of the text in context is dispositive. ORS 30.275(8) provides that, subject to two enumerated exceptions, "notwithstanding any other provision of ORS chapter 12," relating to limitations, an action arising out of the acts or omissions of public bodies or officers "shall be commenced within two years after the alleged loss or injury." The two enumerated exceptions do not relate to actions brought by minors. Thus, the two-year limitation period controls.

That reading of the statute is borne out by its context. ORS 30.275(2) establishes a 180-day notice period for tort claims brought against a public body, subject to a limited exception—up to an additional 90 days—for "minority, incompetency or other incapacity." Thus, it is clear that when the legislature wanted to include exceptions for minor plaintiffs it did so. It did not do so in ORS 30.275(8).

Plaintiff's reliance on *Banda* for a contrary reading of the statute is misplaced. Although there is language in that case to support her proposed construction of the statute, both the Supreme Court and this court have rendered subsequent decisions that leave that language without further force and effect. At issue in *Banda* was when the 180-day notice period described in ORS 30.275(2) began to run. This court held that the 180-day period began to run when the underlying claim had "accrued" and that claims subject to the statute accrued when the plaintiff had "a reasonable opportunity to discover the fact of the injury *and* that the defendant was negligent in some respect which caused the plaintiff damage." *Banda*, 87 Or App at 72 (emphasis in original). In that context, the question arose whether the knowledge of a

minor plaintiff's parent was attributable to the plaintiff for the purpose of determining when an action accrued. The court held that the parent's knowledge "is not attributable to [the minor plaintiff] before she became his guardian *ad litem.*" *Id.* at 74.

This court followed *Banda* in *Mann v. Dept. of Transportation,* 114 Or App 562, 836 P2d 1353 (1992), *rev'd* 315 Or 642, 847 P2d 856, *on remand* 122 Or App 628, 856 P2d 1055 (1993). In that case, the defendant public agency asserted the two-year limitation of ORS 30.275(8) as a defense against a personal injury claim brought against it on behalf of a minor child. The claim had been brought three years after the accident occurred but within a month of the time a guardian *ad litem* had been appointed for the injured child. The plaintiff argued that the two-year limitation of ORS 30.275(8) was tolled until the guardian had been appointed. After so framing the argument, this court said, "That is correct," and cited *Banda. Id.* at 566. Judge Buttler dissented from the majority's reading of *Banda. Id.* at 567-70. The majority responded that "*Banda* says that the time limitation for personal injury claims filed under OTCA does not begin to run until the appointment of a guardian *ad litem.*" *Id.* at 566.

While the majority's decision in *Mann* was pending on review, the Supreme Court decided *Perez v. Bay Area Hospital,* 315 Or 474, 846 P2d 405 (1993). In that case, the court held, in effect, that *Banda* had been incorrectly decided. The plaintiff had argued that the 180-day notice period of ORS 30.275(2) is tolled pending the appointment of a guardian *ad litem* of a child. After reviewing the text and legislative history of the statute, the court disagreed, holding that the time period for giving tort claims notice is not tolled pending the appointment of a guardian *ad litem. Perez,* 315 Or at 482.

The court then reversed and remanded *Mann* for reconsideration in the light of its opinion in *Perez. Mann,* 315 Or 642. On remand, this court held:

> "In *Perez,* the court held that the notice and limitation periods relevant to a claim that is filed by a minor against a public body, ORS 30.275, are *not* tolled pending the appointment of a guardian *ad litem* for the minor."

*Mann,* 122 Or App at 629 (emphasis in original).

Plaintiff insists that we were wrong in concluding on reconsideration in *Mann* that *Perez* required reversal of our prior interpretation of ORS 30.275(8). According to plaintiff, *Perez* concerned only ORS 30.275(2) and not ORS 30.275(8). That argument, however, is inconsistent with plaintiff's reliance on *Banda*, for *Banda* itself construed only ORS 30.275(2) and not ORS 30.275(8), and therefore, plaintiffs own reasoning does not compel the construction of ORS 30.275(8) that she asserts.

Alternatively, plaintiff argues that, even if the statute of limitations was not tolled, her claims were timely filed, because the two-year period runs from the date of the alleged "loss or injury," and she was not injured until March 14, 1993, the day before she was admitted to the hospital for severe depression. Defendant argues that plaintiff reads the term "injury" too narrowly. In the context of statutes of limitation, defendant contends, a person suffers an "injury" sufficient to trigger the statute when he or she has suffered an invasion of a legally protected interest; it is not required that the plaintiff have suffered particular physical symptoms.

■ Once again, resolution of the dispute requires us to construe a statutory provision in accordance with the intention of the legislature, upon our review of the text in context, relevant case law and, if necessary, other aids to construction. *PGE*, 317 Or at 610-12. In this case, the legislature has not defined the term "injury." However, in *Gaston v. Parsons*, 318 Or 247, 864 P2d 1319 (1994), the Supreme Court defined the same term used in the two-year statute of limitations for medical negligence actions, ORS 12.110(4).[3] In so doing, the court relied on the fact that the term "injury" has a well-defined meaning in the context of tort actions:

> "In the tort context, in which ORS 12.110(4) applies, 'injury' is defined as the 'invasion of any legally protected interest of another.' *Restatement (Second) [of] Torts* § 7(1) (1965). In other words, an 'injury' is a legally cognizable harm."

---

[3] ORS 12.110(4) provides, in part:

"An action to recover damages for injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered."

*Gaston*, 318 Or at 253. The court further noted that the manner in which the term "injury" is used in other statutes of limitations, including ORS 30.275(8), suggests the same definition. *Gaston*, 318 Or at 252-53. The court also observed that nothing in the legislative history of the statute revealed any legislative intent to depart from that meaning of the term. *Id.* at 255.

The same term appears in ORS 30.275(8) in the same context of a tort action for personal injuries. As the Supreme Court observed in *Gaston*, in that context, the term "injury" has a recognized meaning of "legally cognizable harm." And, as in *Gaston*, plaintiff suggests no basis—and we are aware of none—in either the language or the legislative history of the statute for concluding that the legislature intended the term to take on a different meaning under ORS 30.275(8).

■ With that in mind, it is clear that plaintiff's claims accrued in November and December 1992. At that point, as alleged, plaintiff suffered inappropriate touching, which is an invasion of a legally protected interest. *Bakker v. Baza'r, Inc.*, 275 Or 245, 249, 551 P2d 1269 (1976) (to constitute liability for battery it "is not necessary that the conduct do actual physical harm—it is sufficient if the contact is offensive or insulting"). That plaintiff later experienced physical and emotional symptoms resulting from the same incidents does not mean that the claims arising out of those incidents accrued later. *See Raethke v. Oregon Health Sciences Univ.*, 115 Or App 195, 199, 837 P2d 977 (1992), *rev den* 315 Or 442 (1993) ("The cases are clear, however, that one may not avoid the Statute of Limitations by characterizing the harm as two different kinds of injuries rather than one injury that has caused more damage than was originally contemplated."). We conclude, therefore, that the trial court correctly determined that plaintiff's claims are time barred and that defendant is entitled to judgment in its favor as a matter of law.

Affirmed.

**LEESON, J.,** concurring.

I agree with the majority that ORS 30.275(8) contains no tolling provision and that that statute compels the

result in this case. Consequently, the majority is correct that plaintiff's action is time-barred. Nonetheless, this is a case in which the technically correct legal result does a great disservice to children.

Plaintiff's complaint alleges that her teacher touched her inappropriately and made sexual advances toward her in November and December 1992. Plaintiff did not tell anyone about the incidents, because she "was afraid they might think that I had done something wrong." Plaintiff was hospitalized on March 15, 1993, suffering from depression and "suicidal ideation." Only after her hospitalization did she disclose to her sister and to Dr. Sardo, her psychologist, the allegedly improper contacts with her teacher. Dr. Sardo stated in an affidavit that

> "[i]t is typical in this type of case that the child will not inform anyone, including parents or other authority figures, of the contacts until some point after the contacts occur. It is typical for the child to keep the feelings hidden inside, which causes a build-up of pressure, which can later lead to actual symptoms and damage.

> "That was the case with [plaintiff]. She advised [me] that she had told no one about her prior improper contacts with the teacher, until her hospitalization in March, 1993. She was a very naive young woman, who was in a position of trust with a teacher that [sic] exploited her. This manifested itself in fears by [plaintiff] that she may have been a homosexual, which lead [sic] to a build-up of internal pressure, culminating in the events leading to her hospitalization of March 15, 1993."

Plaintiff's father, acting as her guardian *ad litem*, filed a complaint on January 11, 1995, within two years of the time of plaintiff's disclosure.

The legislature has provided other statutes of limitation to accommodate the type of delay in reporting that Dr. Sardo stated is typical in cases such as this. For example, ORS 12.117 provides that an action based on conduct that constitutes child abuse, including sexual abuse, shall be commenced not more than six years after that person attains 18 years of age, or, *if not discovered*, not more than three years

from the date the injured person *discovers or should have discovered the injury*, whichever is longer.

ORS 30.275(8), by contrast, provides public officials, including teachers, absolute immunity from liability after two years from the time of injury, if they act in the course and scope of their employment.[1] In this case, that immunity bars plaintiff's action against this defendant. Assuming that Dr. Sardo is correct, and that in cases such as this it is typical for children to keep their feelings hidden and to delay reporting, the absolute time bar in ORS 30.275(8) is troubling at best. Nonetheless, this case presents a question of statutory construction and, within that confine, the majority cannot be faulted.

---

[1] The record does not indicate whether plaintiff has sued her teacher individually, alleging that she did not act in the course and scope of her employment. *See Kreiger v. Just*, 319 Or 328, 876 P2d 754 (1994); *Finney v. Bransom*, 143 Or App 154, 924 P2d 319 (1996).