Cynthia PELSTER as guardian ad litem for Amanda Boyer and Anna BOYER, Plaintiffs,

v.

Greg WALKER, Michelle Reed, Joe Colistro, Denise Kotaniemi, Christin Hanthorn, Steven Funk, Kenneth Hansen, Harry Cheney, the City of Astoria, the Astoria Police Department, Clatsop County, and the Clatsop County Sheriff's Department, Defendants.

No. CIV 00–50–BR.

United States District Court, D. Oregon.

Aug. 20, 2001.

Lynn S. Walsh, Portland, OR, for Plaintiffs.

Gerald L. Warren, Salem, OR, for Defendants.

## OPINION AND ORDER

BROWN, District Judge.

This matter comes before the Court on Defendants' Motion for Summary Judgment (# 73), Defendants' Motion to Dismiss Individually Named Defendants and to Substitute Public Bodies as the Only Defendants Regarding Plaintiffs' State Tort Claims (# 71), and Defendants' Motion to Strike the Affidavit of Cynthia Pelster Offered in Support of Plaintiffs' Response to Defendants' Motion for Summary Judgment (# 91).

Plaintiffs Amanda Boyer and Anna Boyer, through Cynthia Pelster as guardian ad litem, brought this action for civil rights violations pursuant to 42 U.S.C. § 1983 and for tort claims under state law, alleging they were involuntarily examined by medical personnel to determine whether they had been sexually assaulted. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a), 1343(3), and 1367(a).

For the reasons that follow, Defendants' Motion for Summary Judgment (# 73) is **GRANTED** as to Plaintiffs' Second Claim, which is **DISMISSED** as time-barred. Defendants' Motion for Summary Judgment (# 73) is **DENIED without prejudice** and with leave to renew as to Plaintiffs' Third Claim. Defendants' Motion for Summary Judgment (# 73) remains pending as to Plaintiffs' First Claim. The Court requests supplemental briefing concerning Defendants' qualified immunity defense to specifically address the two-step analysis set forth in *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 2155–57, 150 L.Ed.2d 272 (2001). Defendants' Motion to Dismiss Individually Named Defendants and to Substitute Public Bodies as the Only Defendants Regarding Plaintiffs' State Tort Claims (# 71) is **DENIED without prejudice** pending a ruling on the issue by the Oregon Supreme Court with leave to renew at that time. Defendants' Motion to Strike the Affidavit of Cynthia Pelster Offered in Support of Plaintiffs' Response to Defendants' Motion for Summary Judgment (# 91) is **GRANTED.**

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## SUMMARY OF RELEVANT FACTS [1]

On January 8, 1998, medical personnel at Columbia Memorial Hospital in Astoria, Oregon, examined Plaintiffs to determine whether they had been sexually assaulted. These physical examinations and a search of Plaintiffs' home were authorized by the Clatsop County Circuit Court in a search warrant issued on January 7, 1998, in connection with a law enforcement investigation into allegations of criminal mistreatment, drug crimes, alcohol abuse, prostitution, and sexual contact between various adult males and under-aged females. The examinations occurred shortly after the search of Plaintiffs' home and the arrest of their parents. Plaintiff Amanda Boyer was 13 years old, and Plaintiff Anna Boyer was 15 years old. Pelster, Plaintiffs' guardian ad litem, is Plaintiffs' mother. Daniel Boyer is Plaintiffs' father.

The primary investigators were Astoria Police Officer Greg Walker and Clatsop County Detective Michelle Reed. Defendants Kotaniemi, Cheney, and Hanthorn were present at the hospital when Plaintiffs were examined.

Pelster and Daniel Boyer ultimately were charged with two counts of criminal mistreatment and one count of hindering prosecution [2] and filed a Motion to Suppress/Motion to Controvert Evidence that officials seized from their home when executing the search warrant. In an Order issued on April 21, 1998, the Clatsop County Circuit Court ruled there was insufficient evidence to establish probable cause to support the search warrant and granted the motion to suppress on state constitutional grounds. In an opinion issued on February 28, 2001, however, the Oregon Court of Appeals held otherwise and reversed the Circuit Court's Order.

In the meantime, Plaintiffs filed their Complaint and initiated this action on January 7, 2000. Plaintiffs served Defendants with Summons and Complaint on the following dates: Walker, August 18, 2000; Reed, August 19, 2000; Colistro, August 29, 2000; Kotaniemi, August 19, 2000; Hanthorn, August 24, 2000; Funk, August 29, 2000; Hansen, August 24, 2000; Cheney, August 18, 2000; City of Astoria, August 18, 2000; Astoria Police Department, August 18, 2000; Clatsop County Sheriff's Department, August 18, 2000; and Clatsop County, September 18, 2000.

## STANDARDS FOR SUMMARY JUDGMENT

Fed.R.Civ.P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show an absence of any genuine issue of material fact. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 500 (9th Cir.1992). In response to a properly-supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. Fed.R.Civ.P. 56(e). Evidence must be significantly probative to present a genuine issue of material fact. *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir.), *cert. denied*, 493

---

**1.** This summary of undisputed facts is taken from Defendants' Concise Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment (# 74) and Plaintiffs' Response to Concise Statement of Facts in Support of Defendants' Motion for Summary Judgment (# 89). Any facts Defendants stated in their Concise Statement that were not denied or controverted by Plaintiffs are deemed admitted for purposes of Defendants' Motion pursuant to Local Rule 56.1(f).

**2.** *See State v. Pelster,* 172 Or.App. 596, 598, 21 P.3d 106 (2001).

U.S. 809, 110 S.Ct. 51, 107 L.Ed.2d 20 (1989). When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than would otherwise be required. *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir.1998).

The substantive law governing a claim or defense determines whether a fact is material. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir.2000). The Court must resolve against the moving party all reasonable doubts about whether issues of material fact exist, and the Court must view all inferences drawn from the facts in the light most favorable to the nonmoving party. *Id.* A mere disagreement about a material issue of fact does not preclude summary judgment. *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 698, 699, 98 L.Ed.2d 650 (1988).

## DISCUSSION

Defendants contend Plaintiffs' state law and federal claims are barred by applicable statutes of limitations and, alternatively, qualified immunity protects all individual defendants from liability for alleged constitutional violations.

### 1. Oregon Law Controls Whether Plaintiffs' State Law Claims Are Time–Barred

In their Second Claim, Plaintiffs assert state law claims against Defendants Astoria Police Department, City of Astoria, Clatsop County Sheriff's Department, and Clatsop County (Public Body Defendants). In their Third Claim, Plaintiffs assert state law claims against Defendants Walker, Reed, Colistro, Kotaniemi, Hanthorn, Funk, Hansen, and Cheney (Individual Defendants).

Defendants contend Oregon law applies to Plaintiffs' state law claims, and those claims are time-barred under the two-year limitation period in Or.Rev.Stat. § 30.275(8), which provides:

> Except as provided in ORS 12.120 [Action on escape; action for defamation] and ORS 12.135 [Action for damages from construction, alteration or repair of improvement to real property], but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action, an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 [the Oregon Tort Claims Act] *shall be commenced within two years after the alleged loss or injury.*

(Emphasis added.) Although Plaintiffs filed their Complaint on the eve of the two-year anniversary of the incident, Defendants maintain Plaintiffs' state claims, nevertheless, are time-barred because Plaintiffs did not effect service on Defendants within the time required by Oregon law.

Oregon Rule of Civil Procedure 3 provides: *"Other than for purposes of statutes of limitations,* an action shall be commenced by filing a complaint with the clerk of the court." (Emphasis added.) More particularly, Or.Rev.Stat. § 12.020(1) provides:

> Except as provided in subsection (2) of this section, *for the purpose of determining whether an action has been commenced within the time limited,* an action shall be deemed commenced as to each defendant, when the complaint is filed, *and the summons served on the defendant,* or on a codefendant who is a joint contractor, or otherwise united in interest with the defendant.

(Emphasis added.)

In this regard, Or.Rev.Stat. § 12.020(2) effectively extends the statutory limitations period under certain circumstances:

If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed.

Defendants contend Plaintiffs first attempted service by mail on June 23, 2000, more than 166 days after filing their Complaint on January 7, 2000. It is undisputed that Plaintiffs completed proper service on Individual Defendants and Public Body Defendants on or after August 18, 2000, more than 220 days after filing their Complaint. Accordingly, Defendants assert Plaintiffs' state law claims are time-barred because Plaintiffs' action commenced on the dates Defendants were served and do not relate back to the date Plaintiffs filed their Complaint.

According to Plaintiffs, however, federal law determines whether their state law claims were commenced timely. Pursuant to Fed.R.Civ.P. 3, a civil action is commenced "by filing a complaint with the court," and the timeliness of a federal action is not determined by service of process. In any event, Plaintiffs argue Fed. R.Civ.P. 4(m) controls the time limit for service rather than state law, and their Second and Third Claims are timely because they filed their Complaint within the two-year limitation period and they properly served all Defendants by the extended deadlines set by the Court.

■ Fed.R.Civ.P. 4(m) provides the following time limit for service:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant *or direct that service be effected within a specified time;* provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

(Emphasis added.) The court has discretion to extend the time for service pursuant to Rule 4(m) even if the plaintiff has not shown good cause for the delay. *Henderson v. United States,* 517 U.S. 654, 662, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996) ("[C]ourts have been accorded discretion to enlarge the 120–day period even if there is no good cause shown.")(quoting advisory committee's note to the 1993 Amendments to Rule 4)(internal quotations omitted).

In this instance, in the exercise of its discretion, the Court gave Plaintiffs several extensions of time to effect service on Defendants. On March 6, 2000, 58 days after their Complaint was filed in this action, Plaintiffs filed a Motion for Extension of Time requesting an extension for twelve months to retain new legal counsel following the withdrawal of Plaintiffs' lawyer. In an Order issued on May 30, 2000, the Court granted Plaintiffs' Motion for Extension in part and directed Plaintiffs to serve a copy of their Complaint on Defendants in accordance with Fed.R.Civ.P. 4. During a status conference held on July 12, 2000, the Court provided Plaintiffs with a copy of Fed.R.Civ.P. 4. As reflected in the Court's Order issued on July 12, 2000, the Court also instructed Plaintiffs either to obtain waivers of service from Defendants or to perfect service on Defendants in compliance with Rule 4 and to file proof of such service with the Court on or before August 29, 2000. On August 25, 2000, Plaintiffs filed another Motion for Extension of Time in Which to Serve Defendants. In the Court's Order issued on August 28, 2000, the Court granted Plaintiffs' Motion for Extension and allowed Plaintiffs until September 18, 2000, to

serve all Defendants. Plaintiffs argue their state law claims are timely because they served all Defendants on or before September 18, 2000, the last deadline for service set by the Court.

■ Even though Rule 4(m) gives the Court authority to extend the time to effect service of a complaint, Rule 4(m) does not change the substantive time limitation provisions of state law. *See Habermehl v. Potter*, 153 F.3d 1137, 1139 (10th Cir.1998) (when service on the defendant was made 107 days after complaint was filed, the action was barred as untimely under Wyoming law in spite of the fact that Fed. R.Civ.P. 4(m) allows service within 120 days of filing complaint). *See also Eades v. Clark Distributing Co., Inc.*, 70 F.3d 441, 442 (6th Cir.1995)(action was barred due to failure to serve summons and complaint within time required by applicable Kentucky statute of limitations even though the action could have continued if federal procedural rules were controlling), *cert. denied*, 517 U.S. 1157, 116 S.Ct. 1545, 134 L.Ed.2d 649 (1996). The timeliness of Plaintiffs' state law claims turns, therefore, on whether state or federal law controls.

■ As reflected in Plaintiffs' Second Amended Complaint, Plaintiffs' state law claims are independently before this Court by virtue of diversity jurisdiction in addition to pendent jurisdiction.[3] When adjudicating diversity actions, federal courts apply federal procedural law and state substantive law. *Pruett v. Erickson Air-Crane Co.*, 183 F.R.D. 248, 250 (1998)(citing *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)). In a federal diversity action brought under state law, "the state statute of limitations controls." *Bancorp Leasing and Financial Corp. v. Agusta Aviation Corp.*, 813 F.2d 272, 274 (9th Cir.1987)(citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751–53, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980)).

Plaintiffs insist, nevertheless, Fed. R.Civ.P. 4(m) rather than state law should be applied by the Court in its evaluation of the timeliness of Plaintiffs' state law claims. The Ninth Circuit summarized the multi-step inquiry to determine whether federal law applies as follows:

First, we must determine if the federal rule and state rule are actually coextensive. If the federal rule does not address the situation, there would be no conflict between state and federal rules. We would then apply the *Erie[R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)] analysis to determine if the federal court should enforce the state rule. If the federal rule does address the situation, there would be an unavoidable conflict between the state and federal rules. We would then apply the *Hanna [v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)] analysis: if the federal rule is within the scope of constitutional power and the Rules Enabling Act, it applies unless the *Erie* considerations are so strong that they can justify interrupting the normal function of the federal court processes.

*Harvey's Wagon Wheel, Inc. v. Van Blitter*, 959 F.2d 153, 155 (9th Cir.1992) (quoting *Olympic Sports Products, Inc. v. Universal Athletic Sales Co.*, 760 F.2d 910, 914–15 (9th Cir.1985), *cert. denied*, 474 U.S. 1060, 106 S.Ct. 804, 88 L.Ed.2d 780 (1986)).

Notwithstanding the above multi-step analysis, however, state law statutes of limitations and related tolling provisions are not displaced by federal procedural rules. As the Ninth Circuit restated in

---

**3.** Plaintiffs allege they are now residents of the State of Washington, which Defendants do not dispute.

*Harvey's Wagon Wheel,* "Statutes of Limitations, which dictate the life of state causes of action, are too intimately connected with the substance of the state-created right to be disregarded by the federal courts." 959 F.2d at 157 (citations and internal quotations omitted). In *Harvey's Wagon Wheel,* the Court reasoned:

> The *Ragan* Court held applicable a state rule that the statute of limitations is not tolled until there is service of process, rather than the federal rule that the action commences with the filing of the complaint .... The *Walker* Court similarly held that the federal rule did not speak to the question of tolling a statute of limitations and that the state rule applied.... In both *Ragan* and *Walker,* the Court noted that the tolling provisions were integral parts of the states' statutes of limitations.

*Id.* (citing *Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 533–34, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), and *Walker,* 446 U.S. at 752–53, 100 S.Ct. 1978).

Oregon statutes of limitations and related service requirements, therefore, control when evaluating the timeliness of Plaintiffs' state law claims.

**4.** Or.Rev.Stat. § 30.265(1) provides in relevant part:

> The sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 or 30.287 shall be an action against the public body only. The remedy provided by ORS 30.260 to 30.300 is exclusive of any other action or suit against any such officer, employee or agent of a public body whose act or omission within the scope of their employment or duties gives rise to the action or suit. No other form of civil action or suit shall be permitted. If an action or suit is filed against an officer, employee or

### a. Plaintiffs' Second Claim Against Public Body Defendants Is Time–Barred

■ Pursuant to Or.Rev.Stat. § 30.275(8), "an action arising from any act or omission of a public body ... within the scope of [the Oregon Tort Claims Act (OTCA)] shall be commenced within two years after the alleged loss or injury." "Public Body" for purposes of the OTCA includes "[a]ny city, county, ... or other political subdivision or municipal or public corporation and any instrumentality thereof." Or.Rev.Stat. § 30.260(4)(b). Public Body Defendants maintain Plaintiffs' Second Claim is within the scope of the OTCA, and Plaintiffs, therefore, were required to commence their Second Claim within the meaning of Or.Rev.Stat. § 12.020(2) no later than two years after January 8, 1998, the date the events occurred.

Plaintiffs contend Or.Rev.Stat. § 30.275(8) is inapplicable and challenge the constitutionality of Or.Rev.Stat. § 30.265(1),[4] which requires public bodies to be substituted in an OTCA action in place of individual employees of public bodies who acted within the scope of their employment. Plaintiffs further maintain their action is timely under the limitation period set forth in Or.Rev.Stat. § 12.110(1)[5] as tolled under Or.Rev.Stat. § 12.160[6] because Plaintiffs were minors

agent of a public body, on appropriate motion the public body shall be substituted as the only defendant.

**5.** Or.Rev.Stat. § 12.110(1) provides in relevant part:

> An action for ... any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years.

**6.** Or.Rev.Stat. § 12.160 provides:

> If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS 12.010 to 12.050, 12.070 to 12.250 and 12.276 is within the age of 18

at the time the events at issue occurred.

Plaintiffs' state constitutional arguments apply only to their Third Claim and have no bearing on the state claims against Public Body Defendants in Plaintiffs' Second Claim. The parties do not dispute Individual Defendants are employees and agents of the City of Astoria or Clatsop County and acted within the course and scope of their employment and authority during the events giving rise to Plaintiffs' Second Claim. The claims against Public Body Defendants, therefore, fall within the scope of the OTCA, and § 30.275(8) applies.

■ Plaintiffs' argument that § 12.160 tolled the applicable limitation period because Plaintiffs were minors when the events at issue took place also has no merit. The two-year limitation period contained in § 30.275(8) "is not tolled" by Plaintiffs' minority status under § 12.160. *Lawson v. Coos County School Dist. No. 13*, 94 Or.App. 387, 390, 765 P.2d 829 (1988). *See also Cooksey By and Through Cooksey v. Portland Public School Dist. No. 1*, 143 Or.App. 527, 531, 923 P.2d 1328, *rev. denied*, 324 Or. 394, 927 P.2d 600 (1996) (the § 30.275(8) limitation period is not tolled pending appointment of a guardian ad litem in an action brought by minors).

Having filed their Complaint on the eve of the two-year anniversary of the incident, Plaintiffs had 60 days under Oregon law to effect service on the Public Body Defendants. Plaintiffs did not serve these Defendants within that period. Plaintiffs' action, therefore, was not "commenced" against these Defendants within the time required under Oregon law. Plaintiffs' Second Claim against Public Body Defen-

dants, accordingly, is precluded as time-barred pursuant to § 30.275(8).

**b.** ***Defendants' Motion Regarding the Timeliness of Plaintiffs' Third Claim Is Denied Without Prejudice and With Leave to Renew***

Individual Defendants contend Plaintiffs' Third Claim also is time-barred pursuant to Or.Rev.Stat. § 30.275(8). Plaintiffs argue their state law claims against Individual Defendants are not within the scope of the OTCA if § 30.265(1) is unconstitutional and, therefore, those claims are not time-barred under § 30.275(8). Plaintiffs assert § 30.265(1) violates the Oregon Constitution because the statute limits tort actions that arise from the conduct of public employees within the course and scope of their employment to "an action against the public body only" and mandates the public body must be substituted in place of individual defendants. Plaintiffs argue they are entitled to sue individual public employees directly in addition to public bodies pursuant to the Oregon Constitution.

There is current controversy concerning whether § 30.265(1) violates the Oregon Constitution. For example, the Circuit Court of Oregon for Multnomah County held application of § 30.265(1) violated Article 1, Section 17, of the Oregon Constitution, and the Court, therefore, denied the defendants' motion to dismiss individual defendants and to substitute the State of Oregon in their place. *See Fellows, et al. v. Coomes*, Multnomah County Circuit Court, No. 9909–09837, Opinion and Order (February 15, 2000) (unpublished opinion). Although the United States District Court for the District of Oregon initially ruled that limiting a plaintiff's recovery for un-

years ..., the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be brought

shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases.

lawful conduct by a public employee to an action against the public body pursuant to § 30.265(1) is unconstitutional under the Oregon Constitution, *see Johnson v. Maloney, et al.,* No. CV 99–6225–HO (D.Or.) (March 20, 2001) (unpublished opinion), the Court later stayed proceedings in that matter pending a decision by the Oregon Supreme Court on the following questions certified from another action in this Court:

1. Does the limitation of causes of action for a tort committed by an agent of a public body to a cause of action against only the public body violate Article I, § 10, of the Oregon Constitution?

2. Does the limitation of causes of action for a tort committed by an agent of a public body to a cause of action against only the public body violate Article I, § 10, of the Oregon Constitution "as applied"?

3. Does the limitation of causes of action for a tort committed by an agent of a public body to a cause of action against only the public body violate Article I, § 17, of the Oregon Constitution?

4. Does the limitation of causes of action for a tort committed by an agent of a public body to a cause of action against only the public body violate Article I, § 17, of the Oregon Constitution "as applied"?

5. Does the limitation of causes of action for a tort committed by an agent of a public body to a cause of action against only the public body violate Article I, § 20, of the Oregon Constitution?

6. Does the limitation of causes of action for a tort committed by an agent of a public body to a cause of action against only the public body violate Article I, § 20, of the Oregon Constitution "as applied"?

The Oregon Supreme Court has scheduled oral argument to be heard on September 11, 2001, on the certified questions. *See Jensen v. Whitlow,* No. CV 99–1679–BR (D.Or.) (December 28, 2000, letter certifying question).

In anticipation of the Oregon Supreme Court's resolution of the uncertainty concerning the constitutionality of § 30.265(1), the Court denies without prejudice Defendants' Motion as to the timeliness of Plaintiffs' Third Claim against Individual Defendants.[7]

## 2. Plaintiffs' § 1983 Claims Are Not Time–Barred

Plaintiffs' First Claim alleges civil rights violations against Individual Defendants pursuant to 42 U.S.C. § 1983. Defendants contend Plaintiffs' § 1983 claims are time-barred, however, under both state and federal law.

---

**7.** If the Oregon Supreme Court determines § 30.265(1) passes constitutional muster, Plaintiffs' sole cause of action under state tort law would be against the Public Body Defendants. As noted, however, that claim is time-barred pursuant to Or.Rev.Stat. § 30.275(8). If the Oregon Supreme Court finds § 30.265(1) is unconstitutional, however, Defendants may renew their Motion as to whether Plaintiffs' Third Claim against Individual Defendants also is time-barred. State law claims against public employees in an individual capacity for torts committed in the course of their governmental employment may, nev-

ertheless, fall outside the scope of the OTCA. The Oregon Supreme Court has determined "public employees are not immune from personal liability for their individual torts committed in the course of their governmental employment." *Krieger v. Just,* 319 Or. 328, 332, 876 P.2d 754 (1994) (citations omitted). Plaintiffs' Third Claim is asserted against Individual Defendants in their individual capacities. Accordingly, if the limitation period in § 30.275(8) does not apply to Plaintiffs' state law claims against Individual Defendants, and if the tolling provisions of § 12.160 apply, those claims may not be time-barred.

■ Plaintiffs argue the Court should look to state law to determine whether their § 1983 claims were commenced timely. The Court agrees. Section 1983 claims are characterized as personal injury actions, and the applicable statute of limitations is determined by state law. *Davis v. Harvey,* 789 F.2d 1332, 1333 (9th Cir. 1986) (citing *Wilson v. Garcia,* 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). Personal injury claims arising in Oregon are subject to a two-year statute of limitations under Or.Rev.Stat. § 12.110(1). *Plumeau v. Yamhill County School Dist. No. 40,* 130 F.3d 432, 438 (9th Cir.1997).

■ Plaintiffs argue their § 1983 claims are timely under state law because the limitation period in § 12.110(1) was tolled pursuant to § 12.160 during their minority. Plaintiffs point out Plaintiff Amanda Boyer, whose date of birth is November 5, 1984, is still a minor. Plaintiffs also note Plaintiff Anna Boyer did not turn 18 until January 16, 2000, and the limitation period on her § 1983 claims did not expire until January 16, 2001. *See* § 12.160. The Court agrees Plaintiffs' First Claim is timely because all Defendants were properly served on or before September 18, 2000, a date within the tolling period permitted by § 12.160.

Defendants observe, nevertheless, the District Court of Oregon in some cases has applied federal procedural rules when assessing the timeliness of § 1983 actions rather than state laws that tolled statutes of limitations. For example, in *Wells v. City of Portland,* the court held federal procedural rules tolled the applicable statute of limitations in a § 1983 action because the action involved a federal matter and was not before the court based on diversity of citizenship jurisdiction. 102 F.R.D. 796, 799–801 (D.Or.1984) (citations omitted). Defendants contend Plaintiffs' First Claim is time-barred because Plaintiffs failed to properly serve Defendants within the 120–day period allowed under Fed.R.Civ.P. 4(m). Even if the Federal Rules of Civil Procedure are applied to these facts, however, Plaintiffs' § 1983 claim is still timely because Plaintiffs effected service on all Defendants by September 18, 2000, the deadline set by the Court in the exercise of its discretion under Rule 4(m).

Accordingly, whether state tolling law or federal procedural rules apply, Plaintiffs' § 1983 action was timely filed and is not time-barred.

### 3. Individual Defendants' Qualified Immunity Defense Requires Further Briefing

Individual Defendants argue they are entitled to qualified immunity from liability for Plaintiffs' § 1983 claims. On June 18, 2001, the United States Supreme Court issued an opinion in which it clarified the appropriate analysis for determining whether qualified immunity is applicable in the context of a § 1983 claim for use of excessive force. *See Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 2155–57, 150 L.Ed.2d 272 (2001). Because Defendants' Motion for Summary Judgment was fully briefed on June 21, 2001, none of the parties specifically addressed the two-step process for analyzing the defense of qualified immunity articulated by the Supreme Court in *Saucier.* The Court, therefore, requests supplemental briefing by the parties regarding the portion of Defendants' Motion for Summary Judgment in which Defendants raise the defense of qualified immunity. Each party may file a supplemental brief of no more than 10 pages as follows: Defendants' opening brief due on September 10, 2001; Plaintiffs' response due on September 24, 2001; and Defendants' reply due on October 1, 2001.

## DEFENDANTS' MOTION TO DISMISS INDIVIDUALLY NAMED DEFENDANTS AND TO SUBSTITUTE PUBLIC BODIES AS THE ONLY DEFENDANTS REGARDING PLAINTIFFS' STATE LAW CLAIMS

Defendants' Motion to Substitute is brought pursuant to Or.Rev.Stat. § 30.265(1). As noted above, the law concerning the constitutionality of § 30.265(1) under the Oregon Constitution is unsettled, and the Oregon Supreme Court presently has before it a certified question on point. Until the Oregon Supreme Court resolves the question, the Court will refrain from ruling on Defendants' Motion. Accordingly, Defendants' Motion to Substitute is denied without prejudice and with leave to renew following the Oregon Supreme Court's ruling.

## DEFENDANTS' MOTION TO STRIKE THE AFFIDAVIT OF CYNTHIA PELSTER

By Affidavit, Officer Walker stated Pelster did not object when she was told her daughters were being taken to a hospital for medical examinations. Pelster filed an Affidavit in which she controverted Officer Walker's testimony. Defendants move to strike Pelster's Affidavit.

Defendants previously filed a Motion to Exclude Testimony of Cynthia Pelster and Daniel Boyer from the Trial of this Matter because both Pelster and Boyer asserted their Fifth Amendment rights to refuse to answer questions about the circumstances giving rise to this action. In an Order issued on June 1, 2001, the Court granted Defendants' Motion to Exclude Testimony at Trial and allowed Plaintiffs to seek relief from that Order if Plaintiffs later wished to offer the testimony of Pelster

and Boyer subject to the requirement that they submit to pre-trial depositions.

Plaintiffs have not indicated Pelster and Boyer will submit to pre-trial depositions. Defendants' Motion to Strike the Affidavit of Cynthia Pelster offered in Support of Plaintiffs' Response to Defendants' Motion for Summary Judgment, therefore, is **GRANTED.**

## CONCLUSION

Based on the foregoing, Defendants' Motion for Summary Judgment (# 73) is **GRANTED** as to Plaintiffs' Second Claim, which is **DISMISSED** as time-barred. Defendants' Motion for Summary Judgment (# 73) is **DENIED without prejudice** and with leave to renew as to Plaintiffs' Third Claim. Defendants' Motion for Summary Judgment (# 73) remains pending as to Plaintiffs' First Claim. The Court requests supplemental briefing from the parties concerning the qualified immunity defense raised therein to specifically address the two-step analysis set forth in *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 2155-57 (2001). Each party may file a supplemental brief of no more than 10 pages on the following schedule: Defendants' opening brief due on September 10, 2001; Plaintiffs' response due on September 24, 2001; and Defendants' reply due on October 1, 2001.

Defendants' Motion to Dismiss Individually Named Defendants and to Substitute Public Bodies as the Only Defendants Regarding Plaintiffs' State Tort Claims (# 71) is **DENIED without prejudice** pending a ruling on the issue by the Oregon Supreme Court with leave to renew at that time. Defendants' Motion to Strike the Affidavit of Cynthia Pelster Offered in Support of Plaintiffs' Response to Defen-

dants' Motion for Summary Judgment (# 91) is **GRANTED.**

IT IS SO ORDERED.