## McDONALD et ux,
### *Appellants,*

*v.*

## STATE OF OREGON, by and through CHILDREN'S SERVICES DIVISION et al,
### *Respondents.*

### (83-3-324; CA A30128)

694 P2d 569

Milo Pope, Mt. Vernon, argued the cause for appellants. On the briefs were Mike Kilpatrick and Kilpatricks & Pope, Mt. Vernon.

W. Eugene Hallman, Pendleton, argued the cause for respondents Hermiston School District No. 8R, Jim Bates, Dan Bakker and Mrs. Wisser. On the brief were Joel S. DeVore and Mautz & Hallman, Pendleton.

Robert Muir, Assistant Attorney General, Salem, argued the cause for respondent, State of Oregon, Children's Services Division, and Phil Niemeyer. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Warren, Judge.

WARREN, J.

## WARREN, J.

Plaintiffs brought this tort action to recover damages claimed to have been caused by defendants' reporting to Children's Services Division their belief that plaintiffs' child had suffered abuse. All defendants are either public bodies or officers, employes or agents of a public body. Plaintiffs appeal from a judgment in defendants' favor, entered after the court granted their motions to dismiss. Defendants State of Oregon, CSD, Niemeyer, Hermiston School District No. 8R and Bakker's motions to dismiss under Rule 21 were allowed on the ground of plaintiffs' failure to comply with ORS 30.275.[1] Defendants Bates' and Wisser's motion for summary judgment was allowed on the ground that plaintiffs did not raise an issue of fact concerning the defense of qualified immunity under ORS 418.762.

The acts on which plaintiffs' tort action is based occurred on April 21, 1981. On October 16, 1981, plaintiffs mailed a notice of claim, required by ORS 30.275 to be given for tort claims against public bodies and their agents. The notice was received by defendants on October 19, 1981. Several defendants, as indicated above, objected to the timeliness of the notice under ORS 30.275(1), which provided at that time:

"Every person who claims damages from a public body or from an officer, employe or agent of a public body acting within the scope of employment or duties for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, the name of the claimant and of the representative or attorney, if any, of the claimant and the amount of compensation or other relief demanded. * * * A notice of claim which does not contain the information required by this subsection, or which is presented in any other manner than provided in this section, is invalid,

---

[1] The primary ground these defendants asserted was that plaintiffs failed to present their notice of claim within the 180-day period required by ORS 30.275. Defendants asserted additional grounds in support of their motions. Defendants State, CSD and Niemeyer's motion was granted on plaintiffs' failure to present a timely notice of claim. The court did not state its reason for granting defendants School District's and Bakker's motion. Because we hold that the motions were properly granted for plaintiffs' failure to comply with the time requirement of ORS 30.275, we need not consider whether another ground would support the decisions.

except that failure to state the amount of compensation or other relief demanded does not invalidate the notice."

Plaintiffs' notice was mailed within the 180-day period but was received after this period had expired. The trial court granted these defendants' motions, holding that the requirement of ORS 30.275 that notice be "presented" requires the notice to be received by the public body within 180 days.

In *Shervey v. Clackamas County,* 66 Or App 886, 675 P2d 1124 (1984), we held that the notice mailed before, but received after, expiration of the 180-day period of ORS 30.275 was timely. That result was dictated by *former* ORS 16.790 (*repealed by* Or Laws 1979, ch 284, § 199), which provided, in relevant part:

"(2)   In case of service by mail, the copy of the notice or other paper to be served must be deposited in the post office, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served * * *. The service shall be deemed to be made on the day of the deposit in the post office, and not otherwise."

■■   ORS 16.790 was not in effect when the notice in this case was mailed.[2] That provision applied to the service on "persons" of notice and other papers. Without that statute's language qualifying ORS 30.275, we now hold that notice of a claim must be *received* by the public body within the 180-day period and affirm the judgment in favor of defendants who had judgment on this ground.[3]

---

[2] ORS 16.790 was repealed when ORCP was enacted. Although this point was not raised in the parties' briefs, we note that ORCP 9B provides, in pertinent part:

"Whenever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless otherwise ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to such attorney or party or by mailing it to such attorney's or party's last known address. * * * Service by mail is complete upon mailing."

ORCP 9B is more limited in its application than former ORS 16.790. Rule 9B applies to service on a "party." The comment to Rule 9 indicates that it relates "to serving and filing of papers subsequent to the summons and original complaint." The rule does not apply to the presentment of notice of claim to a public body before the commencement of an action.

[3] Federal District Courts have held that provisions of the Federal and Puerto Rican Tort Claims Acts that notice shall be presented to the public body within a period of time requires that notice be received by the public body within the period. *Steele v. United States,* 390 F Supp 1109, 1112 (SD Cal 1975); *Oquendo v. Insurance Company of Puerto Rico,* 388 F Supp 1030, 1032 (Puerto Rico 1974).

Disposition of the assignments relating to the dismissal of the claim against Bates and Wisser requires reference to the facts on which their claimed liability is predicated. Plaintiffs complain that defendants are liable in damages for causing plaintiffs' child to be removed from school and placed in a foster home, thus requiring them to appear in court because of defendants' suspicion that plaintiffs had physically abused their child. Wisser was the child's teacher. She observed marks on the child's neck and took him to be examined by defendant Bakker, a child development specialist. When asked about the marks, the child first said that a cat had scratched him. After Bakker questioned that explanation, the child stated that his mother had choked him, as she had done on other occasions. Bakker informed the principal, Bates, who instructed him to report the incident to CSD.

■■  Bates and Wisser contend that they are immune, because they acted pursuant to a statutory duty in reporting a suspected case of child abuse to CSD. ORS 418.750 provides, in pertinent part:

> "Any public or private official having reasonable cause to believe that any child with whom the official comes in contact in an official capacity has suffered abuse, or that any person with whom the official comes in contact in an official capacity has abused a child shall report or cause a report to be made in the manner required in ORS 418.755. * * *"

ORS 418.762 provides persons who make such reports in good faith with immunity from civil liability:

> "Anyone participating in good faith in the making of a report pursuant to ORS 418.750 to 418.760 and who has reasonable grounds for the making thereof, shall have immunity from any liability, civil or criminal, that might otherwise be incurred or imposed with respect to the making or content of such report. * * *"

Plaintiffs assign as error the court's granting Bates and Wisser summary judgment on the ground of statutory immunity.

In order for plaintiffs to defeat Bates' and Wisser's motion for summary judgment, they had to raise an issue of fact concerning those defendants' good faith or their reasonable grounds to make a report. The thrust of plaintiffs' assertions in their affidavits in opposition to summary judgment is

that the child was scratched by kittens and that, after the report to CSD, defendants' suspicions of child abuse were not substantiated by an examination or by the child's testimony at a hearing. Plaintiffs raised no issue concerning Wisser's good faith in taking the child to Bakker for examination, nor did plaintiffs raise an issue concerning Bates' good faith or reasonable grounds in deciding to report the matter to CSD. Bates relied on Bakker's observations. The child told Bakker two stories to explain the marks on his body: that he had been scratched by kittens and that he had been choked by his mother. Nothing in the affidavit raises a fact issue that Bakker's questioning the child's first story and believing the child's second, unprompted assertion that his mother had choked him was unreasonable. That Bates relied on Bakker's conclusion does not tend to negate his good faith or reasonable grounds to take the part he took in the reporting of this incident. The court did not err in granting summary judgment on the ground of statutory immunity.

Affirmed.