Argued and submitted September 16, affirmed November 12, 1992, reconsideration
denied February 17, petition for review denied March 23, 1993 (315 Or 644)

Gloria Jean TYREE,
Personal Representative of the Estate
of Jerry Lee Finchum, deceased,
*Appellant,*

*v.*

Bobby Wayne TYREE, Jr.,
*Defendant,*

*and*

COUNTY OF KLAMATH,
*Respondent.*

(91-00811CV; CA A72096)

840 P2d 1378

Edward J. Harri, Salem, argued the cause for appellant. With him on the briefs were Michael B. Dye and Brad G. Garber, Salem.

Reginald R. Davis, Klamath Falls, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

In this wrongful death case, plaintiff appeals from a judgment of dismissal that was granted because plaintiff's notice of claim was held untimely under ORS 30.275(2)(a). We affirm.

Plaintiff brought this tort action on behalf of the deceased, who was killed in a motor vehicle accident on September 9, 1988. Plaintiff mailed a notice of claim to defendant on Friday, September 8, 1989. Defendant received the notice on Monday, September 11, 1989. Plaintiff filed her complaint on September 7, 1990.

■ ORS 30.275(2)(a) requires that notice of a claim against a public body for wrongful death shall be "given" within one year after the alleged loss or injury. The issues are whether the notice must actually be *received* within one year and whether the one-year limit is extended when the 365th day falls on a Saturday or a legal holiday. Defendant argues that the issue is controlled by our holding in *McDonald v. CSD*, 71 Or App 751, 694 P2d 569, *rev den* 299 Or 31 (1985), which was decided under an earlier version of ORS 30.275 that provided:

> "Every person who claims damages from a public body * * * *shall cause to be presented* to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, the name of the claimant and of the representative or attorney * * * and the amount of compensation or other relief demanded."
> (Emphasis supplied.)

Under that language, we said that notice of a claim against a public body must be *received* within 180 days after the alleged loss or injury. *McDonald v. CSD, supra,* 71 Or App at 754.

The legislature substantially amended ORS 30.275 in 1981, prompted by the holding in *Brown v. Portland School Dist. #1*, 291 Or 77, 628 P2d 1183 (1981), where the defendants contended that the plaintiff's failure to send his notice by certified mail, as required by *former* ORS 30.275(1), rendered the notice ineffective. The court held that, when a notice is actually received by the public body, the statute has been substantially complied with and that notice sent by first class mail was valid. The legislative history of Oregon Laws

1981, chapter 350, shows that the legislature wanted to codify the rule that actual notice within the time period substantially complies with the requirement that notice be "presented."[1] Aside from that concern, there is no evidence that the legislature wanted to lengthen the statutory time for giving notice to a public body. In the absence of any other relevant change by the legislature after we decided *McDonald*, we adhere to our holding that notice must actually be received within the period in order to be timely. *See Bauder v. Farmers Ins. Co.*, 301 Or 715, 726, 725 P2d 350 (1986).

██ Plaintiff argues that *McDonald* was wrongly decided and that ORCP 10A and ORS 174.120[2] apply to the computation of the one-year period. In general, those rules exclude weekends and holidays from any time calculation. Plaintiff contends that her notice was timely if those rules are applied, because Monday, September 11, 1989, would have been the last day of the one-year period. ORCP procedural rules about when service is complete do not apply to a statutory requirement that notice of a claim be received by the public body before the commencement of an action. *McDonald v. CSD, supra*, 71 Or App at 754 n 2. Similarly, ORS 174.120 concerns the computation of time for the purpose of procedural statutes. ORS 30.275 is not a procedural statute. The requirement that notice be given timely is a substantive condition precedent to recovery under the Oregon Tort Claims Act that, if not satisfied, deprives a plaintiff of the right to make a claim. *Urban Renewal Agency v. Lackey*, 275 Or 35, 40, 549 P2d 657 (1976). The trial court did not err when it dismissed

---

[1] The legislature recognized the need for amending ORS 30.275:

"The notice provisions of the present public body tort liability law are difficult to understand and fulfill for the person injured. ORS 30.275. A public body may have had actual notice of the injury and of the intention of the claimant to assert a claim, but because the notice was not mailed by registered mail * * *, the public body can deny the claim after the notice period expires."

Staff Measure Analysis, House of Representatives, 61st Legislative Assembly (June 12 and 15, 1981).

[2] ORCP 10A provides that "the last day of the period * * * shall be included, unless it is a Saturday, * * * in which event the period runs until the end of the next day which is not a Saturday or a legal holiday." ORS 174.120 provides that the "time within which an act is to be done, as provided in the civil and criminal procedure statutes, is computed by excluding the first day and including the last unless the last day falls upon any legal holiday or a Saturday, in which case the last day is also excluded." ORS 187.010 provides that Sunday is a legal holiday.

plaintiff's complaint, because the notice was not received within one year after the injury.

Affirmed.