Argued and submitted November 23, 2005, reversed and remanded
February 1, 2006

## Emil MARICICH Jr.,
*Appellant,*

*v.*

## Robert LACOSS,
*Respondent.*

## 0305-04888; A126427

129 P3d 193

Brooks F. Cooper argued the cause for appellant. With him on the briefs were James R. Cartwright and Brooks F. Cooper.

Terrance C. Hunt argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge, and Wollheim, Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

Plaintiff appeals a judgment dismissing without prejudice his complaint against defendant on the ground of *forum non conveniens*. Plaintiff contends that the court acted *sua sponte* in ordering the dismissal and that there was no legal or factual ground for such a dismissal. Defendant responds that the basis of the trial court's ruling was raised in defendant's answer and addressed in his motion for summary judgment. We reverse and remand.

Plaintiff filed this action against defendant, the current trustee of a trust of which plaintiff is a beneficiary, seeking an accounting, defendant's removal as trustee, and a surcharge for a breach of fiduciary duty in which defendant allegedly appropriated trust assets for his own use. Defendant answered, asserting in part that Oregon lacked jurisdiction over the case because he resides in California, that the trust is administered in California, and that all trust assets are located in California or in states other than Oregon.

Defendant then moved for summary judgment, asserting, in part, in a supporting affidavit, that he did not misuse the assets of the trust and that plaintiff had failed to join all necessary parties. The motion also included an assertion that plaintiff's action was properly within the jurisdiction of California courts and that Oregon's "long arm" jurisdiction did not apply. Defendant also argued that the trial court should not exercise jurisdiction because the California courts had "primary" jurisdiction over the entire case, or, if the trial court did exercise jurisdiction, it should apply California law, or exercise jurisdiction only over his conduct that occurred in Oregon. Plaintiff responded, arguing that under Oregon's conflict of laws rule, Oregon law should apply because it is the state with the most significant contacts with the trust. Plaintiff also argued that defendant had contacts with Oregon sufficient to give rise to personal jurisdiction.

At the start of the hearing on the motion for summary judgment, the trial court stated that it could not grant the motion on the grounds advanced by defendant based on the evidentiary record before it. The court then proposed,

> "I looked at this thing then as really a motion for this Court to consider itself as a *forum non-conveniens*, which is really what's going on, and I understand that, if it is not convenient and should be elsewhere in California, that I simply dismiss the case with leave to file the thing in California. And I think that's what you're asking for, [defendant], on that convolutiveness [*sic*].
>
> "* * * * *
>
> "And, I can, as I understand it, treat your motion that way, even though it's denominated a motion for summary judgment. It's really a motion *forum non conveniens*."

The court later stated that

> "I look at this thing as a *forum non conveniens* issue. I'm not reaching the merits of anything else, but I have told you that, it seems to me, that if I reach those merits on all—if I decided this was the convenient forum, I'd deny all your summary judgment requests because it seems to me there's a question of fact on all that stuff."

Defendant agreed with the court, urging that plaintiff had no legally cognizable interest in the trust until after the settlor died in California, and that the "center of gravity" for plaintiff's claims was in California. Plaintiff objected, arguing in part that he was not prepared to litigate a *forum non conveniens* issue because it had not been raised in the motion for summary judgment and, in plaintiff's view, was not properly before the court. The trial court disagreed with plaintiff, stating that the *forum non conveniens* issue had been "extensively briefed" by defendant, and that "I am treating this motion for summary judgment as an addition to a motion for summary judgment on the factual merits, a motion for dismissal, based on *forum non conveniens*, and that's the motion that I am granting." The trial court later signed an order stating that

> "The Court, having reviewed the motion, affidavits, responses and the pleadings and files herein, the Court finds that Defendant's Motion for Summary Judgment should be treated as a motion to dismiss for *forum non conveniens*.
>
> "NOW, THEREFORE, IT IS HEREBY ORDERED that:

"Defendant's motion to dismiss plaintiff's Amended Complaint for *forum non conveniens* is granted."

Pursuant to the order, the court later issued a general judgment of dismissal without prejudice.

■ On appeal, plaintiff argues that the trial court erred in *sua sponte* dismissing the complaint on a ground not raised in the summary judgment motion, that the doctrine of *forum non conveniens* is not applicable because it is not recognized in Oregon, and that, if it is recognized, it should not be applied in this case, which had been pending for 16 months before the trial court's order. Defendant responds that the trial court did not act *sua sponte* because he pleaded lack of jurisdiction as an affirmative defense in his answer and addressed the *forum non conveniens* issue in his motion for summary judgment, and that, therefore, the trial court could properly consider the issue of *forum non conveniens* as part of his motion for summary judgment. Defendant also argues that there have been no trust assets in Oregon since 2002, that plaintiff's claims arise from defendant's conduct while the settlor and the trustee resided in California, and that plaintiff's failure to join the other three beneficiaries of the trust are additional reasons to defer jurisdiction to California.

The issue whether a court has jurisdiction and the issue whether a court should defer its jurisdiction in favor of another forum are discrete issues. Here, plaintiff argued that the trial court had jurisdiction over defendant under ORCP 4 E(3), which gives the court jurisdiction over a defendant when the action "[a]rises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this state or to send from this state goods, documents of title, or other things of value." ORCP 4 E(3) applies to an out-of-state trustee's explicit or implicit promise to make distributions to a beneficiary within Oregon. *Dreher v. Smithson,* 162 Or App 645, 650, 986 P2d 721 (1999), *rev den,* 329 Or 589 (2000). However, an exercise of jurisdiction over an out-of-state trustee must also comport with due process of law. *Id.* at 650.

■ In comparison, the dismissal of a case for *forum non conveniens* presumes that the trial court has jurisdiction, but

defers its jurisdiction in favor of the jurisdiction of another court.[1] *See, e.g., Novich v. McClean*, 172 Or App 241, 251, 18 P3d 424, *rev den*, 332 Or 137 (2001) (under the doctrine of *forum non conveniens*, a court may dismiss an action when, despite the existence of subject matter jurisdiction, personal jurisdiction, and proper venue, trying the case elsewhere would best serve the convenience of the parties and the ends of justice). *See also C.O.W., Inc. v. M.V.D.*, 37 Or App 73, 75 n 2, 586 P2d 107 (1978) ("While a court having jurisdiction may decline to exercise it on the basis of *forum non conveniens* * * *, absent jurisdiction, the issue cannot be reached.").

Defendant's arguments on appeal conflate the issues of jurisdiction and *forum non conveniens*. Having pleaded a lack of jurisdiction in his answer as an affirmative defense, defendant could properly move for summary judgment on that ground under ORCP 47. However, the trial court expressly refused to grant summary judgment on "the merits," leaving the issue whether the trial court had jurisdiction undetermined and subject to determination at trial. Even if defendant raised the issue of *forum non conveniens* in his motion for summary judgment (a premise with which we do not necessarily agree), the legal predicate to the exercise of the trial court's discretion to dismiss the complaint on that ground was a finding that the trial court had jurisdiction over defendant, a finding that the trial court expressly refused to make. Absent that finding, the trial court abused its discretion in dismissing the case for *forum non conveniens*.

■■ Defendant argues in the alternative that the trial court's dismissal of the case is "right for the wrong reason." Under that doctrine, we may—in our discretion—affirm a ruling of a trial court, even if the trial court's legal reasoning for the ruling was erroneous, if (1) the facts of the record are sufficient to support the proffered alternative basis; (2) the trial court's ruling is consistent with the view of the evidence under the alternative basis; and (3) the record is materially the same as would have been developed had the prevailing party raised the alternative basis for affirmance below. *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or

---

[1] We assume, for purposes of this case, that the doctrine can be applied in Oregon courts.

634, 659-60, 20 P3d 180 (2001). Here, defendant's motion for summary judgment requested in part that the case be dismissed without prejudice because plaintiff had failed to join all necessary parties, that is, the other beneficiaries of the trust, two of whom opposed the suit. In the alternative, defendant argued that the missing parties should be joined, although he questioned whether the trial court had personal jurisdiction over them because they resided in California. In his response, plaintiff argued that, as he sought relief only against the trustee personally, the other beneficiaries were unnecessary to the case. He also argued that the two beneficiaries opposed the suit only because one beneficiary was defendant's wife and the other had received loans from the trust made by defendant.

At the hearing on the motion for summary judgment, the trial court stated that it would not address the joinder issue because it was dismissing the case on *forum non conveniens* grounds. As a result, it is not clear whether the court, if it had determined that it had jurisdiction over the beneficiaries and that they were necessary parties, would have dismissed the case on that issue, or would have allowed a motion to amend the pleadings to join the other beneficiaries, as defendant intimated. Therefore, even if we agreed with defendant's argument that plaintiff failed to join necessary parties, we cannot assume the trial court would have dismissed the case for that reason, and we decline to exercise our discretion to affirm on that ground.

Reversed and remanded.