Philip Scott CANNON, Mathias Cannon, and Philip Scott Cannon, on behalf of his minor child, QC, Plaintiffs–Appellants,

v.

POLK COUNTY DISTRICT ATTORNEY, Polk County, Polk County Sheriff, City of Dallas, Dallas Police Department, John Fisher, Michael Conrady, Burnette Krauger, Richard Klocko, Gordon Rutter, Kerry Taylor, Gregory Nyhus, Calvin P. Birch, Michael Oja, John Wallace, Michael Holsapple, Paul Box, Susan Gerber, Ray Steele, Bob Wolfe, Chad Woods, Sena Richichi, as Personal Representative of the Estate of Kenneth A. Morrow, Defendants–Appellees.

No. 11–35655.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2012.

Filed Oct. 23, 2012.

Robert Grant Cook, Lafky & Lafky, Salem, OR, for Plaintiffs–Appellants.

Karla Himes Ferrall, Oregon Department of Justice, Salem, OR, Stan Merritt Legore, Esquire, Robert Sheldon Wagner, I, Esquire, Miller & Wagner LLP, Bruce L. Campbell, Miller Nash, LLP, Jay William Beattie, Paul Silver, Lindsay, Hart, Neil & Weigler, Portland, OR, for Defendants–Appellees.

Before: SILVERMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

### MEMORANDUM *

Appellants Philip Scott Cannon, Mathias Cannon, and Philip Scott Cannon, on behalf of his minor child, QC, appeal the district court's orders granting the State Appellees' and the Morrow Estate's motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and the County and City Appellees' motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291 and now affirm in part and reverse in part.

First, Appellants argue that the district court erred in ruling Claims 4, 13, and 14 for negligence are barred by Oregon's 10–year statute of ultimate repose, which is triggered by the relevant act or omission. OR.REV.STAT. § 12.115(1); *Shasta View Irrigation Dist. v. Amoco Chems. Corp.*, 329 Or. 151, 162, 986 P.2d 536 (1999). With respect to these three state claims, the district court correctly determined that all of the alleged conduct had occurred more than ten years before the filing of the complaint. Accordingly, we affirm the dismissal of these claims. Appellants argue for an exception based on a continuous relationship with certain Appellees, but this argument was not raised before the district court, and so we deem it waived. *United States v. Suarez*, 682 F.3d 1214, 1219 n. 1 (9th Cir.2012).

■ Second, Appellants argue the district court erred in applying the statute of ultimate repose to Claims 3, 5, 6, 7, 8, 10, 11, and 12 for violations of 42 U.S.C. § 1983. We agree and now reverse. By its express terms, Oregon Revised Statutes § 12.115(1) only applies to negligence claims and, therefore, is inapplicable to these Section 1983 actions. Though Appellant waived this argument by failing to raise it below, we reach it "to prevent a miscarriage of justice" and because "the issue is purely one of law." *AlohaCare v. Hawaii, Dep't of Human Servs.*, 572 F.3d

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

740, 744–45 (9th Cir.2009) (quotation marks omitted).

■ Third, Appellants argue that they gave notice of their state claims to Appellees within the 180–day period set forth in the Oregon Tort Claims Act. Or.Rev.Stat. § 30.275(2)(b). The district court ruled that notice was untimely because, while the Complaint was filed on February 26, 2010, less than 180 days after the claims accrued on September 1, 2009, Appellants were not served with a summons until after the 180–day period expired. We disagree. Oregon Revised Statutes § 30.275(3)(c) provides that the OTCA notice requirement may be satisfied by the "[c]ommencement of an action" within the 180–day period, and Section 12.020(2) states that an action is deemed commenced when the complaint is filed, if a summons is served within 60 days of that filing. *See Baker v. City of Lakeside,* 343 Or. 70, 164 P.3d 259, 266 (2007) (holding § 12.020(2)'s 60–day summons rule applies to the OTCA's statute of limitations). Since Appellants served all Appellees with a summons within 60 days of filing their Complaint, the action commenced on February 26, 2010, thereby providing timely notice. Appellees urge us to restrict *Baker* to the OTCA's limitations period and to create a summons *receipt* rule that would effectively require actual notice as in § 30.275(3)(b). We find no authority for these contentions and so reverse.

■ Fourth, Appellees Fisher and Nyhus are shielded by absolute prosecutorial immunity. The allegations against them concern actions in furtherance of the prosecution, not "investigative or administrative tasks." *Van de Kamp v. Goldstein,* 555 U.S. 335, 342, 129 S.Ct. 855, 172 L.Ed.2d 706 (2009); *see also Genzler v. Longanbach,* 410 F.3d 630, 639 (9th Cir. 2005). Appellee Gerber is immune from claims attacking her representation of the government in the post-conviction proceedings. *Fry v. Melaragno,* 939 F.2d 832, 837 (9th Cir.1991). We affirm the dismissal of Claims 3, 9, and 10 through 12 as to these three individuals.

■ Fifth, Appellants ask us to reverse the lower court's finding that the government's expert witnesses are protected by absolute immunity under *Briscoe v. La-Hue,* 460 U.S. 325, 328–29, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). While "this immunity does not shield non-testimonial conduct," *Paine v. City of Lompoc,* 265 F.3d 975, 981 (9th Cir.2001), the preparation of testimony is immunized to the same extent as the presentation itself. *Buckley v. Fitzsimmons,* 952 F.2d 965, 966 (7th Cir.1992) (per curiam), *rev'd on other grounds,* 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). Since the claims against Conrady, Klocko, Rutter, and Birch attack their trial testimony or its preparation, we affirm the dismissal of Claims 6, 7, and 10 through 12 as to those individuals.

■ Sixth, we affirm the dismissal of the Polk County District Attorney's office from Claims 1 and 2, because it is entitled to Eleventh Amendment immunity, since "DAs ... act as state officials ... when acting in their prosecutorial capacity." *Del Campo v. Kennedy,* 517 F.3d 1070, 1073 (9th Cir.2008) (quotation marks and alterations omitted). The district court neglected to dismiss the Polk County DA from Claim 15 on this basis.

Finally, Appellants argue that the district court improperly entered summary judgment in favor of Appellees on the false imprisonment claim. Unlawful confinement is a necessary element of that cause of action. *Stone v. Finnerty,* 182 Or.App. 452, 458, 50 P.3d 1179 (Or.Ct.App.2002). The district court correctly determined that, at all times, Cannon was held pursuant to legal process and, therefore, his

confinement was lawful. We affirm the entry of summary judgment in favor of the Polk County Sheriff with respect to Claim 15.

**Each party shall bear its own costs.**

**AFFIRMED in part; REVERSED in part.**

N.R. SMITH, Circuit Judge, concurring in part and dissenting in part:

The majority's disposition is correct, except with respect to its ruling regarding Appellants' notice to various city and county public entity defendants. Under the Oregon Tort Claims Act (OTCA), OR.REV. STAT. § 30.275(2)(b), notice must be given to public bodies within a statutorily required notice period of 180 days. Because Appellants did not provide notice to the public entity defendants within the 180–day notice period, I must dissent from this portion of the disposition.

The majority acknowledges that the OTCA requires that notice be provided no later than 180 days after the alleged loss or injury. However, the majority adopted Appellants' unfounded argument that a wholly unrelated procedural statute could be imported into the OTCA in order to extend the OTCA notice period from 180 days up to 240 days. The majority is wrong for several reasons. First, "[t]he purpose of the notice requirement of [the OTCA] is to allow the public body an opportunity to investigate a matter promptly and to settle all meritorious claims without litigation." *Flug v. Univ. of Oregon*, 170 Or.App. 660, 13 P.3d 544, 551 (2000), *aff'd*, 335 Or. 540, 73 P.3d 917 (2003). The notice requirement is distinct from the statute of limitations provisions in § 12.020(2), because its purpose is to put public entities on notice, not to set a date certain by which a claim must be filed. The OTCA was enacted as a "partial waiver of sovereign immunity." *Krieger v.*

*Just*, 319 Or. 328, 876 P.2d 754, 756 (1994); *see also* Ronald B. Lansing, *The King Can Do Wrong! The Oregon Tort Claims Act*, 47 Or. L.Rev. 357 (1968). In exchange for the partial waiver, claimants must comply with certain conditions, including timely notice. As the Oregon Supreme Court has explained, it is "insufficient for the sovereign that a summons and complaint might show up on the sovereign's doorstep any time within the period of the statute of limitations. The sovereign require[s] additional and earlier notice." *Krieger*, 876 P.2d at 756. The majority's interpretation of the OTCA notice provision ignores the conditions of this limited waiver.

Second, the OTCA provides four distinct ways to provide notice, none of which contemplates a notice period longer than 180 days for this type of claim. *See* OR.REV. STAT. § 30.275(3) (providing that notice may be given by: (a) formal notice, (b) actual notice, (c) commencement of an action within the prescribed notice period, or (d) payment of the claim by the public body at any time). No statutory canon of construction allows us to read a notice period of up to 240 days into this statute for one of these four options when the statute clearly provides for a specific, time-limited notice period, regardless of which notice option is employed. Section 12.020(2) is not part of the same statutory scheme as the OTCA and the OTCA contains no indication that the § 12.020(2) definition of "commencement of an action" should be imported to extend the OTCA's 180–day notice requirement.

Third, there is no Oregon precedent whatsoever for the proposition that the OTCA notice period may be extended from 180 days if an action is filed and summons served within sixty days of filing. Rather than resolve the question in a manner which Oregon has not adopted, we should

have certified the question to the Oregon Supreme Court.

Fourth, Section 12.020(2) (on which the majority relies in order to find that Appellants' OTCA notice was timely) is a procedural statute pertaining to expiration of a statute of limitations period. The statute allows the "commencement of an action" date to relate back to a complaint's filing date so long as the summons is served within sixty days of filing. OR.REV.STAT. § 12.020(2).

The majority relies on *Baker v. City of Lakeside,* 343 Or. 70, 164 P.3d 259, 266 (2007), in support of their decision. Therein, the Oregon Supreme Court held that Section 12.020(2)'s relation back provision applied such that a claim brought under the OTCA was timely filed under a two-year statute of limitations. The court held that § 12.020(2) saved a plaintiff from a potential statute of limitations problem, where the complaint is filed on time but the summons is served shortly thereafter. However, *Baker* did not indicate that § 12.020(2)'s reach should go any farther. Specifically, the *Baker* court did not rule that § 12.020(2) could be used to extend the 180–day notice requirement imposed by the OTCA.

Given that § 12.020(2) should not be imported into the OTCA in order to extend the 180–day statutory notice period to up to 240 days, I would affirm the district court's dismissal of Claims 1 and 2 as to Polk Sheriff and Dallas Police Department, which were the only claims dismissed solely on OTCA-notice grounds.