Argued and submitted November 28, 2012, reversed and remanded
March 26, 2014

PHILIP SCOTT CANNON,
*Plaintiff-Appellant,*

*v.*

OREGON DEPARTMENT OF JUSTICE,
Oregon State Police,
Oregon State University,
Oregon Public Defense Services,
and Robin A. Jones,
*Defendants-Respondents.*

Marion County Circuit Court
10C12260; A148062

322 P3d 601

Kevin T. Lafky argued the cause for appellant. With him on the briefs was Lafky & Lafky.

Karla H. Ferrall, Assistant Attorney General, argued the cause for respondents Oregon Department of Justice, Oregon State Police, Oregon Public Defense Services, and Robin A. Jones. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Bruce L. Campbell argued the cause for respondent Oregon State University. With him on the brief were Kathryn L. Kammer and Miller Nash LLP.

Before Wollheim, Presiding Judge, and Armstrong, Judge, and Brewer, Judge pro tempore.

WOLLHEIM, P. J.

**WOLLHEIM, P. J.**

Under the Oregon Tort Claims Act (OTCA), a plaintiff cannot maintain a tort action against a public body, its officers, its employees, or its agents unless sufficient "notice of claim" is given "within 180 days after the alleged loss or injury." ORS 30.275(2)(b). The notice requirement is satisfied by, among other things, "[c]ommencement of an action on the claim" within that 180-day period. ORS 30.275(3)(c). The question in this case is what constitutes "commencement" for notice purposes. Plaintiff, who alleges that he was wrongfully imprisoned for murder, filed his tort action against various state defendants within 180 days after obtaining a post-conviction judgment setting aside his convictions, but he did not serve the summons on those defendants until the following week—by which time, more than 180 days had elapsed since his convictions had been set aside. For statute-of-limitations purposes, plaintiff's action would have been "deemed commenced" as of the date the complaint was filed, because he served the summons within 60 days of filing. *See* ORS 12.020(2) (providing that "the action * * * shall be deemed to have been commenced upon the date on which the complaint in the action was filed" if service of the summons occurs within 60 days after the complaint is filed). However, the trial court concluded that "commencement" means something different for the notice requirement than it does for the statute of limitations, ruling that the summons itself must be served within 180 days of injury to constitute notice of a claim under the OTCA. Because plaintiff had not served the summons within 180 days after the date that he obtained post-conviction relief, which the court ruled was the date of the alleged injury, the court granted defendants' ORCP 21 motion to dismiss plaintiff's claims on the basis of untimely notice. For the reasons that follow, we conclude that the trial court erred in its construction of ORS 30.275(3)(c), and we therefore reverse and remand.

For purposes of reviewing the trial court's ruling on defendants' ORCP 21 motion to dismiss, we assume the truth of well-pleaded factual allegations in plaintiff's complaint. *Doe v. Lake Oswego School District*, 353 Or 321, 323, 297 P3d 1287 (2013). In accordance with that standard, the relevant facts, predominantly procedural, are as follows.

In 2000, plaintiff was convicted of three counts of murder. The convictions were affirmed by this court and the Supreme Court, and plaintiff then filed a petition for post-conviction relief. On September 2, 2009, the state stipulated to the entry of a post-conviction judgment that set aside those convictions based on, among other things, the state's mishandling of evidence and flawed forensic analysis. On December 18, 2009, the state elected not to retry plaintiff and he was released that day from state custody.

On February 26, 2010, just shy of 180 days after his convictions were set aside on September 2, 2009, plaintiff filed his complaint in this case, which alleged tort claims against various state defendants, including the Oregon Department of Justice, the Oregon State Police, Oregon State University (which tested evidence for the prosecution), Oregon Public Defense Services, and plaintiff's appointed appellate counsel in his criminal case. However, plaintiff did not serve the summons on those defendants until the following week—on March 4 and 5, 2010—more than 180 days after his murder convictions had been set aside.

Defendants moved, under ORCP 21, to dismiss all of plaintiff's claims on the ground that plaintiff had not provided notice of those claims to defendants within 180 days of his injury, as required by the OTCA. The trial court granted that motion and issued a letter opinion that cogently explained the parties' arguments and the court's reasoning:

> "*** The date the conviction was set aside is the date of injury. *Stevens v. Bispham*, 316 Or 221, 239, 851 P2d 556 (1993). 180 days from September 2, 2009 is March 1, 2010. The Complaint was filed on February 26, 2010. No formal OTCA notice was sent separate from the Complaint. The Complaint was not served on the State until March 4 and 5, 2010.
>
> "The state argues that notice was not given within the time allowed under the Oregon Tort Claims Act. The court agrees with the state. Actual notice was not given until March 4, more than 180 days after the date of the injury. Unfortunately for plaintiff, the courts have drawn a bright line in interpreting the notice requirement: '[N]otice must actually be received within the time period in order to be timely.' *Tyree v. Tyree*, 116 Or App 317, 319, 840 P2d 1378 (1993).

"Plaintiff argues that ORS 30.275(3)(c) must be read in conjunction with ORS 12.020(2) which provides that, for purposes of the statute of limitations, an action is deemed to have been commenced on the date of filing if service is made within 60 days of filing. The effect of plaintiff's argument would be to provide a 60-day grace period for notice to the state any time a plaintiff elected to serve notice via a Complaint rather than a letter. For this class of cases, the 180-day deadline would extend to a 240-day deadline. There is no indication in any case cited by the plaintiff, or for that matter by the state, that would provide authority for the court to make this extension. The appellate courts have been strict about application of the notice provision. Plaintiff would have this court create a 33% expansion of a clear statutory time limitation. The legislature, not the court, is the body to undertake that work. In addition, ORS 174.020(2) provides that:

"'When a general and particular provision are inconsistent, the latter is paramount to the former so that a particular intent controls a general intent that is inconsistent with the particular intent.'

"In this context, the specificity of the notice requirement controls a general intent to supply a grace period for purposes of the statute of limitations."[1]

On appeal, the parties reprise the arguments they made below regarding the meaning of ORS 30.275(3)(c). Plaintiff, for his part, argues that the phrase "commencement of an action" should be defined by reference to ORS 12.020, which establishes the time of commencement of an action for purposes of the statute of limitations. Defendants, on the other hand, echo the trial court's reasoning. They argue that ORS 12.020 is inapplicable and that "[t]he notice provision merits a more rigorous analysis because of its purpose"—*i.e.*, "to ensure that public bodies receive *actual* notice within 180 days." (Emphasis by defendants.) Thus, defendants argue, "commencement of an action" should be

---

[1] The state defendants had also argued that plaintiff's negligence claims were barred by the statute of ultimate repose; the Department of Justice was entitled to absolute immunity under the doctrine of prosecutorial immunity; and the Oregon State Police and Oregon State University were entitled to absolute immunity under the doctrine of witness immunity. The court explained that, "[b]ecause this issue [of notice] is dispositive, the court does not reach the other issues and arguments advanced by the state in its Motion."

interpreted to require both events—the filing of the complaint and the service of summons—to occur before the 180-day period expires.

We interpret statutes by employing the methodology described in *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009), focusing first on the text, context, and any useful legislative history of the statute, and proceeding to general maxims of statutory construction if the legislature's intent remains obscure. It is our duty as a court to employ that methodology correctly, regardless of the parties' arguments. *E.g., Elk Creek Management Co. v. Gilbert*, 353 Or 565, 570, 303 P3d 929 (2013). That said, we begin our analysis of ORS 30.275(3)(c) by noting what is conspicuously absent from defendants' (and the trial court's) construction of that statute: any discussion of the text itself—more specifically, the term "commencement of an action."

"Commencement of an action" is not defined in ORS 30.275. The term "commencement of an action" is commonly understood to mean formally instituting or starting a legal action. *See Black's Law Dictionary* 268 (6th ed 1990) (defining "commencement of action" and "commence" as "[t]o initiate by performing the first act or step" and "[t]o begin, institute or start"); *see also Webster's Third New Int'l Dictionary* 456 (unabridged ed 2002) (defining "commence," in this context, as "to initiate formally by performing the first act of < ~ legal proceedings>"). As plaintiff points out, Oregon has enacted a statute to define whether an action has been formally instituted within the statute of limitations. ORS 12.020, which was in effect when ORS 30.275(3)(c) was enacted, provides:

"(1) Except as provided in subsection (2) of this section, for the purpose of determining whether an action has been commenced within the time limited, an action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on the defendant, or on a codefendant who is a joint contractor, or otherwise united in interest with the defendant.

"(2) If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court

by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed."

In plaintiff's view, the legislature had that definition of commencement in mind—including the 60-day period in which to serve the summons—when it enacted ORS 30.275(3)(c). And, as he correctly observes, statutory context supports that view. ORS 30.275(9), which was enacted along with ORS 30.275(3)(c) in 1981, provides:

"Except as provided in ORS 12.120, 12.135 and 659A.875, *but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action,* an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 *shall be commenced within two years after the alleged loss or injury.*" [2]

(Emphases added.) That subsection, which uses the phrase "commencement of an action" and the word "commence" in the context of limitations on actions, plainly invokes the understanding of "commencement" for statute-of-limitations purposes under ORS 12.020.

In fact, the Supreme Court has held as much. In *Baker v. City of Lakeside*, 343 Or 70, 164 P3d 259 (2007), the court considered whether ORS 30.275(9), which requires actions to be "commenced within two years after the alleged loss or injury," incorporated the 60-day period for service of the summons that is set forth in ORS 12.020(2). The court framed the issue this way:

"Oregon has provided since statehood that a plaintiff will commence an action on the date that he or she files the complaint as long as the plaintiff also serves the summons on the defendant within 60 days. *See* ORS 12.020(2) (stating that rule); General Laws of Oregon, Civ Code, ch I, title II, § 15, p 142-43 (Deady 1845-64) (same). The question that this case presents is whether, in amending the Oregon Tort Claims Act (OTCA) in 1981, the legislature intended to exempt OTCA claims from that longstanding rule."

---

[2] Subsection (9) was originally numbered as ORS 30.275(8), and it has since been amended in ways that are immaterial to our analysis.

343 Or at 72. After discussing the scope of the "notwith-standing clause" of the statute, the court held that the legis-lature had not intended to alter the "longstanding rule" that an action is commenced on the date of filing the complaint, so long as the summons is served within 60 days:

"Considering the text, context, and legislative history of ORS 30.275(9), we hold that the notwithstanding clause in ORS 30.275(9) applies only to those provisions of ORS chap-ter 12 and other statutes that provide a limitation on the commencement of an action. *The notwithstanding clause does not bar application of ORS 12.020 to OTCA claims.* Because plaintiff filed her complaint within two years of the accident and served the city within 60 days of filing her complaint, her complaint was timely under ORS 12.020(2). The city's motion for summary judgment should have been denied."

343 Or at 83 (emphasis added).

The underlying premise of *Baker* is that the terms "commencement of an action" and "commence" in ORS 30.275(9) have the same meaning as "commencement" under ORS 12.020, and the court's interpretation in *Baker*—that the legislature did not intend to depart from the 60-day service rule in ORS 12.020(2) for statute-of-limitations purposes—is binding on us. *State v. Cloutier*, 351 Or 68, 100, 261 P3d 1234 (2011) ("Our analysis of [the statute] is also informed by this court's prior construction of that statute or its predecessors.").

Given that the two provisions, subsection (3)(c) and subsection (9), were enacted as part of the same law and use the same terms—"commencement of an action" and "commencement"—it is reasonable to assume, in the absence of some contrary indication, that the legislature intended the same meaning in both subsections of the statute. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993) (stating that "use of the same term through-out a statute indicates that the term has the same meaning throughout the statute"). The legislative history of the 1981 amendments provides indirect support for that conclusion. The amendments came about as a result of "concern that the notice requirements of the OTCA were too complicated and formalistic and had caused unwary claimants to be deprived

of their claims." *Perez v. Bay Area Hospital,* 315 Or 474, 481, 846 P2d 405 (1993). It seems unlikely that, in the process of simplifying the OTCA notice provisions, the legislature would have further complicated matters by using the same words to mean different things throughout the statute.[3] Thus, we are persuaded, at least initially, that plaintiff's interpretation of the statute is correct and that "commencement" for notice purposes is the same as "commencement" under ORS 30.275(9)—including the 60-day service period under ORS 12.020(2).

Defendants offer two rebuttals to that contextual approach, neither of which we ultimately find persuasive. First, defendants argue that "[t]he problem with plaintiff's reliance on [ORS 12.020(2)] to extend his timeline is that it applies only 'for the purpose of determining whether an action has been commenced within the time limited' by the statutes of limitation in ORS chapter 12." According to defendants, the "'deemed to have been commenced' language [in that statute] does not determine the actual date of commencement of the action but provides an artificial lookback date *only* for measuring limitations periods in chapter 12." (Emphasis by defendants.)

Defendants' premise (for which they provide no legal authority) is that there exists an "actual" commencement date that occurs upon completion of service of the summons—the implication being, that if we just look beyond the statute-of-limitations context, we will find that default understanding of "commencement." What defendants do not

---

[3] The parties have not provided any relevant legislative history bearing on the meaning of the term "commencement" in ORS 30.275(3)(c), nor has our research revealed anything particularly illuminating on the precise question before us. We note that an earlier draft of the bill that became ORS 30.275 would have required the "claimant [to] serve[] the public body with a complaint for the loss or injury within such time," but there is no discussion of why that language was abandoned in favor of "commencement of an action." Senate Committee on Justice, Senate Bill (SB) 86, Mar 25, 1981, Ex A (amendments prepared by Legal Counsel Kristena A. LaMar). A subsequent staff measure summary for the bill, prepared for the House of Representatives by Legal Counsel Stephen L. Griffith, characterizes the enacted language to mean that "[t]he claimant may give notice by filing a lawsuit to collect damages for the injury. Sec. 1(2)(c)." (Underscoring in original.) There is nothing in the floor debates of the House of Representatives or Senate that suggests any particular understanding of the term "commencement," let alone that it was used differently in two subsections of the bill.

mention, however, is that the default for commencement of civil actions does not require service of the summons *at all.* ORCP 3, which governs the filing of civil actions, including tort claims against the state, provides that "[o]ther than for purposes of statutes of limitations, *an action shall be commenced by filing a complaint with the clerk of the court.*" (Emphasis added.) *See also Burns v. White Swan Mining Co.,* 35 Or 305, 311, 57 P 637 (1899) ("'In Oregon, an action is deemed commenced, within the meaning of the statute of limitations, when the complaint is filed and the summons is served on the defendant; *but for all purposes other than that of the statute of limitations[,] actions are commenced by filing a complaint with the clerk of the court.*'" (quoting 1 *Encyclopedia of Pleading and Practice,* 136)) (emphasis added).

Thus, although defendants wish to escape ORS 12.020 and its 60-day service period, that statute is the only source of law that supports their contention that service of summons is part of "commencement" of a civil action. And, under that statute, their proffered distinction between the date of "actual" commencement and "deemed" commencement is untenable. Both subsections of ORS 12.020—subsection (1), which captures defendants' under-standing of commencement, and subsection (2), which cap-tures plaintiff's—refer to when an action "shall be deemed" commenced. That is, neither describes "actual" commence-ment; instead, both subsections establish the moment at which the law will recognize the proceeding to have been formally instituted. *See* 261 Or App at 689 (explaining the common understanding of "commencement" to refer to the formal initiation of legal proceedings). ORS 12.020 does not ascribe different legal significance to compliance with sub-section (1) or the 60-day service period in subsection (2), and we are not persuaded by defendants' suggestion that we should nonetheless draw such a distinction for purposes of ORS 30.275(3)(c).

Defendants' second rejoinder to plaintiff's proposed construction of the statute is that it frustrates the purpose of the notice requirement. Defendants argue that the notice requirement is intended to ensure that a public defendant is promptly made aware of potential claims so that it can

"'investigate the claim while the evidence is still fresh'" and "'speedily *** correct the defect, if any, out of which the claim allegedly arose.'" (Quoting *Perez*, 315 Or at 482.) According to defendants, an extension of the time in which public defendants must receive that notice—from 180 days to 240 days once the additional 60 days for service are added—would frustrate that purpose. The short answer to that criticism is that ORS 30.275(3) does not require "actual notice" to the public body within 180 days. As set out above, "commencement of an action" is set forth as an *alternative* to "actual notice" under ORS 30.275(3)(c), and it is that act—commencement—that must occur within 180 days, not receipt of actual notice.[4]

In any event, we are not persuaded that a requirement that a plaintiff commence an action by filing a complaint and serving the summons within 60 days would frustrate the legislature's intent to provide prompt notice and an opportunity to investigate. Once filed, the complaint is a public document, and the public body can avail itself of discovery under the Oregon Rules of Civil Procedure. *See, e.g.,* ORCP 43 B(1) ("A party may serve a request on the plaintiff after commencement of the action and on any other party with or after service of the summons on that party."). Given the formalities that attend "commencement of an action" but not other forms of notice under ORS 30.275(3), we have no reason to believe that a 60-day service period will frustrate legislative intent—and certainly not compelling enough reason to invent a definition of "commencement" that does not appear anywhere in the text or context of the statute.[5]

---

[4] Defendants, like the trial court, rely on *Tyree*, 116 Or App at 320, in which we stated that "notice must actually be received within the period in order to be timely," and that "ORCP procedural rules about when service is complete do not apply to a statutory requirement that notice of a claim be received by the public body before the commencement of an action." *Tyree*, which concerned calculating time for formal notice sent prior to commencing an action, does not inform our analysis in this case, in which our task is to construe the meaning of the term "commencement" itself.

[5] We note that plaintiff also filed an action in federal court against various other public bodies. The district court ruled that plaintiff had not provided timely notice under the OTCA, but the Ninth Circuit disagreed, holding, as we have in this case, that plaintiff's action was "commenced" on February 26, 2010, because he served the summons within 60 days thereafter. *Cannon v. Polk County Dist. Atty*, 501 Fed Appx 611, 613 (9th Cir 2012).

In sum, if service of the summons is required for "commencement"—and we agree, based on the use of that term throughout the statute, that it is—then we see no principled reason, given the language of the OTCA, to conclude that the legislature intended to import part but not all of the longstanding meaning of commencement under ORS 12.020. Thus, we conclude that the trial court erred in interpreting the statute to require both filing of the complaint and service of the summons within 180 days of the alleged injury. Plaintiff served the summons within 60 days of filing the complaint, so his action was commenced on the date of filing—February 26, 2010. The trial court therefore erred in granting defendants' motion to dismiss on the basis of untimely notice.[6]

Reversed and remanded.

---

[6] Plaintiff advances a number of alternative bases for concluding that the trial court erred in dismissing his claims for lack of timely notice under the OTCA, including that the court erred in calculating the date of his alleged injury. Given our resolution of the question of "commencement," we need not address those alternative arguments.

Conversely, one of the state defendants, OSU, asks us to nonetheless affirm the trial court's judgment dismissing the claims against the university on one of the alternative grounds that it raised below. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (discussing requirements for affirmance on alternative grounds). Given the procedural posture, however, we decline to address those proffered alternative bases for the first time on appeal. Had the trial court ruled in defendant's favor on the alternative bases, it could have entered judgment in favor of OSU or granted leave to file an amended complaint. *See* ORCP 21 A ("If the court grants a motion to dismiss, the court may enter judgment in favor of the moving party or grant leave to file an amended complaint."); *cf. Maricich v. Lacoss*, 204 Or App 61, 67, 129 P3d 193 (2006) (declining to consider an alternative basis for affirming a dismissal without prejudice where it was unclear whether the trial court would have dismissed the case had it reached that basis for affirmance, or instead would have allowed a motion to amend the pleadings).