ARMSTRONG, P. J.
*453 Plaintiff appeals a judgment dismissing as untimely the wrongful-death action that he brought in his capacity as personal representative of his wife's estate. Plaintiff and his wife were serving in the United States Air Force at the time of plaintiff's wife's death in April 2010. Plaintiff remained on active duty with the Air Force until September 30, 2011. After being appointed the personal representative of his wife's estate, plaintiff initiated this action on September 17, 2014. Plaintiff contends that the trial court erred in granting defendants' ORCP 21 motion to dismiss plaintiff's action as untimely because, under the federal Servicemembers Civil Relief Act (SCRA), 50 USC sections 3901 to 4043, the state statute of limitation for the wrongful-death action was tolled during the time that plaintiff was on active duty with the Air Force, such that the action was timely filed. Defendants respond that the SCRA did not toll the statute of limitation and, hence, that the trial court did not err in dismissing plaintiff's action as untimely. Because we conclude that the SCRA did toll the limitation period in this case, we reverse and remand.
In reviewing the trial court's order granting defendants' ORCP 21 motion to dismiss, "we assume the truth of well-pleaded factual allegations in plaintiff's complaint." Cannon v. Dept. of Justice , 261 Or. App. 680, 682, 322 P.3d 601 (2014). Plaintiff purchased a set of Toyo tires from defendant Les Schwab Tire Centers in Portland in 2004 for his two-seat BMW Z3. In late March 2010, plaintiff and his wife were on active duty with the United States Air Force. They were on leave in the United Kingdom and were driving the BMW near the Scottish border. Plaintiff noticed that the car was making an unusual vibration and stopped to check the tires. After receiving the advice of a mechanic, plaintiff replaced the tire that had been causing the vibration with the spare tire. Instead of leaving on the side of the road the tire that plaintiff had replaced, plaintiff's wife placed the tire on her lap while the couple drove in search of a mechanic. The tire exploded while plaintiff's wife held it on her lap, causing her severe injuries that ultimately led to her death on April 1, 2010.
*454 Plaintiff remained on active duty with the Air Force until September 30, 2011. After his discharge from the Air Force, plaintiff was appointed by a Colorado court as the personal representative of his wife's estate. Plaintiff filed this wrongful death action on September 17, 2014, asserting claims for *902 products liability and negligence.[1] Defendants moved under ORCP 21 to dismiss the action as untimely, contending that the applicable statute of limitation for the claims is three years, see ORS 30.020(1), ORS 30.905(4), and that more than three years had elapsed between plaintiff's wife's death and the filing of the action. Plaintiff responded that the SCRA had tolled the period of time for him to bring the claims. He contended that, excluding the time that he had been on active duty in the Air Force, he had filed his action within the three-year limitation period. The trial court disagreed with plaintiff's construction of the SCRA as applied to plaintiff's action and dismissed the action on the ground that plaintiff had not timely filed it.
Plaintiff appeals the judgment, reprising the arguments that he made below. Defendants respond that the statute of limitation was not tolled during plaintiff's time on active duty because the SCRA does not toll a statute of limitation for an action that is brought by a servicemember acting in his capacity as a personal representative. Alternatively, defendants contend that the SCRA did not toll the statute of limitation under Oregon's wrongful-death statute because the authority to bring a wrongful-death action depends on whether the decedent could have brought an action against defendants had the decedent survived, making the decedent, and not plaintiff, the person whose claims are subject to tolling under the SCRA. We begin by analyzing the SCRA.
The applicable section of the SCRA, 50 USC section 3936, provides, in part:
"(a) Tolling of statutes of limitation during military service *455 "The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns."
Additionally, the enacted purposes of the SCRA are
"(1) to provide for, strengthen, and expedite the national defense through protection extended by this chapter to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and
"(2) to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service."
50 USC § 3902. The United States Supreme Court has noted that the SCRA (formerly the Soldiers' and Sailors' Civil Relief Act) "is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." Boone v. Lightner , 319 U.S. 561, 575, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943).
We begin our analysis with the text of 50 USC section 3936(a), which is expansive. It excludes military service time from a statute-of-limitation calculation for the "bringing of any action or proceeding in a court" by a servicemember. That language does not distinguish between actions brought by a servicemember in a personal capacity and those brought in a representative capacity. Thus, based on the text alone, the SCRA does apply to an action brought by a servicemember in a representative capacity. What is more, the enacted purposes of the SCRA are to provide for the national defense by postponing the time limit for servicemembers to pursue and defend claims-thereby enabling servicemembers "to devote their entire energy to the defense needs of the Nation"-and "to provide for the temporary suspension of judicial *** proceedings *** that may adversely affect the civil rights of servicemembers during their military service." 50 USC § 3902(1) (emphasis added). Given *456 those purposes and the broad language of the act, we conclude that the SCRA's text supports *903 plaintiff's construction of the SCRA-viz. , that the act tolls the statute of limitation for plaintiff, based on plaintiff's military service, to bring an action in his capacity as the personal representative of his wife's estate.
Defendants argue, however, that the SCRA should not be understood to reach so far. Defendants point out that under Colorado law-the law under which plaintiff was appointed personal representative of his wife's estate-anyone can be appointed personal representative of an estate; the personal representative need not be an heir of the decedent. See Colo. Rev. Stat. § 15-12-601. Defendants reason that Congress did not intend to toll the statute of limitation in a case such as this one, because it is only fortuitous that plaintiff, who is plaintiff's wife's next of kin and heir, was appointed to be personal representative of her estate. Defendants contend that Congress could not have intended the SCRA to toll statutes of limitation under those circumstances because it would allow people to circumvent statutes of limitation merely by selecting servicemembers as personal representatives of estates. Defendants also argue that state cases that have adopted a broad reading of the SCRA's tolling provision to apply to claims brought by a personal representative who is a servicemember are cases in which servicemembers brought their own claims, together with claims brought in a representative capacity, which is a circumstance that is not present here.
We recognize the concerns raised by defendants, which have led some courts to reject a construction of the SCRA that would toll statutes of limitation in actions brought by servicemembers acting as personal representatives of estates. As one court reasoned:
"It seems to us that it was not the intention of the [SCRA] to hold up administration [of a decedent's estate] until one of many eligible persons might administer [the estate]; or, if such a person has administered and brought suit in his official capacity, that it should be regarded as a suit brought by the sailor or soldier designated in the [SCRA] in his individual right, merely because of his interest in a contingent recovery of damages in a suit brought *457 in behalf of decedent's estate, however it might be if the distribution, in case of recovery, was in dispute."
McCoy v. Atl. Coast Line R. Co. , 229 N.C. 57, 60-61, 47 S.E.2d 532 (1948).
Nonetheless, we are persuaded that the SCRA did toll the statute of limitation for plaintiff's wrongful-death action for the period in which plaintiff was on active duty with the Air Force. As noted, the text of the SCRA does not distinguish between actions brought by servicemembers in an individual capacity and those brought in a representative capacity. Further, the purposes that Congress identified in the SCRA for its enactment are to provide for the temporary suspension of judicial proceedings that could affect the civil rights of servicemembers, thereby allowing them to devote their full efforts to the nation's defense. Where, as here, plaintiff is a servicemember who allegedly is the sole heir of the decedent and is the person whose right to recover damages for the decedent's death is the subject of the wrongful-death action, applying the SCRA to the action serves the congressionally identified policies by suspending for the time that plaintiff was on active duty the time limit for him to bring the action that would affect his civil rights, thereby allowing him to devote his full efforts to the nation's defense while he was on duty. Construing the SCRA not to apply in those circumstances would contradict those policies, because it could require servicemembers such as plaintiff to bring such actions while they were on active duty, thereby diverting their efforts from the nation's defense to do that.
We acknowledge that our construction of the SCRA might encourage some people to attempt to circumvent statutes of limitation under circumstances that would not serve the policies that Congress enacted the SCRA to serve, for example, by appointing as personal representative for a decedent's estate a servicemember who has no connection to the decedent to pursue claims that do not affect the servicemember's rights. To the extent that the SCRA is subject to manipulation in that way, which is a question that we need not resolve, it is Congress that must address the problem, not us. See, e.g. , *904 *458 National Ass'n of Mfrs. v. Department of Defense , --- U.S. ----, 138 S.Ct. 617, 629, 199 L.Ed. 2d 501 (2018) ("[O]ur constitutional structure does not permit this Court to rewrite the statute that Congress has enacted." (Brackets in original.) ).
We turn to defendants' alternative argument, viz. , that Oregon's wrongful-death statute functions in such a way as to make the SCRA's tolling provision inapplicable to plaintiff's claims because the rights asserted by plaintiff are derivative of the decedent's rights, making the decedent, and not plaintiff, the person whose claims are subject to tolling under the SCRA. We begin with the wrongful-death statute. ORS 30.020(1) provides, as relevant:
"When the death of a person is caused by the wrongful act or omission of another, the personal representative of the decedent, for the benefit of the decedent's surviving spouse, surviving children, surviving parents and other individuals, if any, who under the law of intestate succession of the state of the decedent's domicile would be entitled to inherit the personal property of the decedent, and for the benefit of any stepchild or stepparent whether that stepchild or stepparent would be entitled to inherit the personal property of the decedent or not, may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission. The action shall be commenced within three years after the injury causing the death of the decedent is discovered or reasonably should have been discovered by the decedent, by the personal representative or by a person for whose benefit the action may be brought under this section if that person is not the wrongdoer ."
(Emphasis added.)
Defendants rely on a number of Oregon cases that have held that the rights asserted by a personal representative in a wrongful-death action are derivative of the decedent's rights. See, e.g. , Storm v. McClung , 334 Or. 210, 223, 47 P.3d 476 (2002) ("[T]he wrongful death statute places a decedent's personal representative in the decedent's shoes, imputing to the personal representative whatever rights, and limitations to those rights, that the decedent possessed."). Defendants reason that, because the rights asserted by a personal representative under the Oregon wrongful-death *459 statute are derivative of the decedent's rights, it follows that the claims alleged by plaintiff in this action must be considered to be the decedent's claims, and not plaintiff's, making the tolling principle in the SCRA, which tolls the limitation period for claims brought by plaintiff, inapplicable.
We are not persuaded. That the rights asserted by plaintiff in this action are derivative of the decedent's rights-in that plaintiff's ability to prevail on his claims in the action depends on whether the decedent could have maintained an action against defendants for her injuries had she survived-does not mean that, for purposes of the SCRA, the claims asserted by plaintiff are claims that have not been brought by him , particularly when the claims that he brought are for his benefit.
Moreover, as quoted above, Oregon's wrongful-death statute provides that the three-year limitation period to bring a wrongful-death action begins to run when the decedent, the personal representative, or a person for whose benefit the action may be brought has discovered or reasonably should have discovered the injury that caused the decedent's death. Here, plaintiff comes within the last two categories of people whose knowledge of the injuries that caused the decedent's death will determine the limitation period that applies to plaintiff's wrongful-death claims. Making plaintiff's knowledge of the decedent's injuries a basis for the statute of limitation to begin running reflects the interest that he has in the action and imposes on plaintiff an obligation to bring the action within the three-year time limit imposed by the statute. In that light, it would be particularly incongruous, and inconsistent with the policies identified in the SCRA, for us to hold that the SCRA did not toll the limitation period for plaintiff to bring his wrongful-death action.
In sum, because the SCRA tolled the Oregon statute of limitation for plaintiff's wrongful-death *905 action for the period that plaintiff was serving in the Air Force, the trial court erred by dismissing plaintiff's action as untimely.
Reversed and remanded.

Plaintiff filed the action both in his individual capacity and as the personal representative of his wife's estate. However, plaintiff alleged only wrongful-death claims under Oregon law and did not allege any claims of his own.